Kanouse *v.* Unemployment Compensation Board of Review.

Argued May 11, 1973, before Judges KRAMER, MEN-
CER and BLATT, sitting as a panel of three.

No appearance for appellant.

*Sydney Reuben,* Assistant Attorney General, for ap-
pellee.

OPINION BY JUDGE MENCER, June 11, 1973:

William H. Kanouse was last employed by William
Boekel and Company, 509 Vine Street, Philadelphia,
Pennsylvania, as a sheet metal worker. His last day of
work was December 19, 1969, on which date he had a
valid separation. While receiving unemployment com-

pensation benefits and in a claim filing series, he was offered, on August 13, 1970, a job referral by the Pennsylvania Employment Service to Perry's Heating-Air Conditioning Company, 1907 East Haines Street, Philadelphia, Pennsylvania (Perry), as a sheet metal shop helper. His application for benefits after August 13, 1970 was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the basis that he had failed, without good cause, to properly pursue a referral to a suitable job and was therefore disqualified under the provisions of Section 402(a)[1] of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §751 et seq. This appeal followed.

The record discloses that, on August 13, 1970, William H. Kanouse (claimant) was offered a job referral to Perry as a sheet metal helper. Claimant did not contact Perry, although he testified that he attempted to do so but that once he arrived in the Germantown section of Philadelphia and located Haines Street, he could not find the location of Perry. Claimant conceded that his only attempt to obtain directions was to ask two or three persons walking along the street and they gave him directions which claimant stated were conflicting and confusing.

Claimant offered two basis of justification for not following up on the referral. First, he testified that "[t]he job they sent me out on was a helper's job; now

---

[1] 43 P.S. §802(a). This section provides that an employe shall be ineligible for compensation for any week—"(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within three (3) days after the making thereof."

for 18 years I have been working as a sheet metal mechanic by myself making lavatory apparatus, which is rather close work. . . . I was wondering after working as a mechanic 18 years, why they sent me on a helper's job." Second, claimant testified that on his former job he got $2.66 an hour and on the job to which he was referred he was told, at the time of referral, that he would receive "$2.00 an hour straight pay." The Referee found as a finding of fact that the referral job with Perry was at the rate of $2.66 per hour, and we find that the record discloses substantial evidence to support such a finding.[2] We conclude that neither basis of justification offered by claimant for not investigating the referral to Perry was valid. We conclude that the referral was suitable work and in accord with *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A. 2d 174 (1967), and Section 4(t) of the Unemployment Compensation Act, 43 P.S. §753(t).

The Board of Review made, *inter alia,* the following finding of fact: "3. Claimant did not report to the prospective employer as instructed and stated that he was unable to locate the establishment." This finding is also supported by the record. In reviewing a decision of the Board of Review, the findings of the Board are binding upon this Court where there is evidence to support its findings. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972). This finding of fact justifies the Referee's conclusion, affirmed by the Board, that claimant failed to pursue a referral to suitable work without good cause. This failure was the basis of the disqualification of claimant from receiving benefits un-

---

[2] The job order from Perry indicated that the rate of compensation was $2.66 per hour.

der the provisions of Section 402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

Our scope of review was well summarized in *James v. Unemployment Compensation Board*, 6 Pa. Commonwealth Ct. 489, 491-92, 296 A. 2d 288, 289 (1972), when we stated:

"The scope of review by this Court is outlined in Section 510 of the Pennsylvania Unemployment Compensation Law, 43 P.S. §830, wherein it is stated: 'In any appeal . . . the findings of the board or the referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law. . . .'

"This Court in recent cases has followed the holding of the Pennsylvania Superior Court in the case of Ristis Unemployment Compensation Case, 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955) where the court stated: ' "The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it." ' (Citations omitted.) 178 Pa. Superior Ct. at 403, 116 A. 2d at 272. See Cleaver v. Unemployment Compensation Board of Review, 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972) and Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

"In reviewing the record made before the Referee, we must also take notice that the burden of proving a right to unemployment compensation rests with the claimant. See Smith Unemployment Compensation Case, 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950)."

We have studied this record carefully and find no merit in the instant appeal.

Order affirmed.