Henrietta M. Hoover, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Reargued June 5, 1974, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Norman I. White,* with him *Paul S. Foreman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 24, 1974:

Henrietta M. Hoover (appellant) was denied unemployment compensation benefits by a referee for ineligibility under Sections 401(d) and 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §§801(d) and 802(e). The Unemployment Compensation Board of Review (Board) disagreed with the referee in his conclusion that appellant was ineligible

for benefits under Section 402(e) of the Law (for wilful misconduct) but affirmed the denial concluding that she was not available for suitable work as required by Section 401(d) of the Law.

Pursuant to a petition for reconsideration, the Board ordered that the case be reopened and that a referee, acting as a Hearing Officer for the Board, conduct a further hearing for the taking of additional testimony. After reconsideration, the Board reaffirmed its decision denying Hoover benefits.

After a careful review of the testimony we find, as did the Board, that the appellant was not guilty of wilful misconduct but that she did fail to make herself available for suitable work. We must, therefore, affirm the denial of benefits.

The Board found as follows:

"1. The claimant was last employed by the Pennsylvania Shoe Company, Altoona, Pennsylvania, for 17 years as an assembler at $2.91 per hour, plus 80% bonus, and her last day of work was May 30, 1972.

"2. The claimant for the last two years has been averaging about four-and-three-quarters (4-3/4) hours of work per day.

"3. The claimant on May 26, 1972 was notified by the factory superintendent and the fitting room supervisor that starting June 1, 1972 it would be necessary for her to make herself available for eight hours a day and that when her work was completed she would do other work.

"4. The claimant agreed to start working eight hours per day on June 1, 1972.

"5. The claimant reported off sick on May 31 and June 1, 1972, and when she reported for work on June 2, 1972 presented the employer with a doctor's certificate indicating that she could only work four hours per day.

"6. The claimant was informed on June 2, 1972 that since she could only work four hours a day, this did not meet the requirements of the employer and she might as well go home. Claimant left at this time.

"7. At approximately 5:00 p.m. the claimant was contacted by the plant manager and was informed that since she could not work as required, she was being discharged.

"8. *The claimant is only interested in working for her last employer and has no desire to become employed by any other employer.*" (Emphasis supplied.)

It is clear that the crucial finding is number (8), and that this finding, if properly supported, would disqualify the appellant from eligibility. One who so limits her employability by insisting on returning only to her old job has imposed such conditions on her employability so as to become unavailable in the labor market. *Trella v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 305, 309 A. 2d 742 (1973). It is also clear, however, that this finding, while well substantiated in the first hearing, is contrary to the appellant's testimony at her second hearing, when she was represented by counsel.[1] We must accept it, however, because the issue here is one of credibility which only the Board can decide. Credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the Unemployment Compensation Board of Review. *Bokoski Unemployment Compensation Case,* 206 Pa. Superior Ct. 96, 211 A. 2d 124 (1965). The appellant now seeks to explain that she testified as she did at the first hearing because she then expected to be awarded her

---

[1] At the first hearing Hoover was not represented by counsel but was accompanied by a Union representative. On the Bureau questionnaire she expressed an interest only in working at her old job.

old job as a result of grievance procedures, and insists that she was always ready, willing and able to work. Although she did not testify directly at any time that she would refuse other suitable work, the evidence was such that it was not unreasonable for the Board to infer that she had in fact made herself unavailable in the labor market. It was for the Board to decide the credibility of her testimony. "Under the Law the Board of Review, as the ultimate fact-finding body, has the duty of passing upon the credibility of the witnesses and resolving conflicts in testimony." *Corgliano Unemployment Compensation Case*, 193 Pa. Superior Ct. 9, 11, 163 A. 2d 686, 687 (1960).

We believe that the issue on this appeal concerns merely a matter of credibility upon which the Board, and not an appellate court, must decide. They have done so, and we must, therefore, issue the following

ORDER

Now, July 24, 1974, the Order of the Unemployment Compensation Board of Review as to the claim of Henrietta M. Hoover is affirmed.