Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Robert Zielinski, Appellant.

74

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Robert Zielinski,* appellant, for himself.

*Daniel R. Schuckers,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 27, 1975:

This is an appeal by a claimant from the order of the Unemployment Compensation Board of Review which affirmed the decision of the referee and the Bureau of Employment Security determining that claimant was ineligible for benefits on the grounds that he refused suitable work.

Claimant's last regular employment was as a tractor-trailer driver for the A & P Tea Company. This "steady employment" was terminated on October 1, 1973, although there is evidence of some part-time employment as an extra driver until December 31, 1973. Claimant's rate of pay with A & P Tea Company was $5.30 an hour.

On April 26, 1974, approximately seven months after the termination of his regular employment and four months after his last part-time employment, claimant was given a referral by the employment office interviewer for a position as a tractor-trailer driver with Affiliated Foods at a pay of $3.50 an hour. Claimant refused to pursue the referral, giving various reasons. The two principal reasons were that the rate of pay was less than he had previously been receiving and that he had heard that the referral employer held drivers liable for shortages on merchandise. Claimant elaborated on the second reason by saying that he heard that the trailers were loaded in the absence of the drivers and, therefore, it seemed unfair to hold the drivers responsible for the contents. There were a number of other reasons given by claimant at various stages, all based on rumor, what claimant had been told by friends, and some personal observations he made over five years before while working for a previous employer.

The Bureau, the referee, and the Board all concluded that the referral employment was within claimant's capabilities, paid an appropriate wage, and the work was suitable. A review of the record leads us to conclude that from claimant's own testimony, there was more than ample evidence on which to base this conclusion. Under such circumstances, we must affirm the Board. "Credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the Unemployment Compensation Board of Review." *Hoover v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 459, 462, 322 A.2d 750, 752 (1974).

Claimant is ineligible under the provisions of Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(a):

"An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by an employer. . . ."

Certainly claimant admits he refused to apply to the referral employer. He attempts to justify refusing to pursue the referral on the basis of rumors and information over five years old. Under such circumstances, we are not in a position to say that it was unreasonable for the Board to decline to accept such a reason for refusing to even investigate the referral to see if such rumored and stale information reflected current conditions. This subject is discussed, as well as our scope of review, by Judge MENCER in *Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973).

Admittedly, claimant previously was paid $5.30 an hour and the referral employment was $3.50 an hour. However, it is uncontested that $3.50 an hour was the prevailing wage. It is uncontested that it was an identical position as claimant's last employment. Indeed, employees in both the former position and the referral position were represented by the Teamsters' Union.

It would have been borderline at best if the Board had found that the reduction of $1.80 an hour justified the refusal, especially after seven months' absence from a steady position and four months' absence from any position. However, the Board, being the finder of fact as indicated above, subject, of course, to judicial review, has found that this reduction did not justify the refusal under these circumstances. The law with regard to the considerations to be taken into account in determining whether a reduction in pay or position justifies a refusal is set forth in *U. S. Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Com-

monwealth Ct. 295, 310 A.2d 94 (1973), and *Bethlehem Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 292, 310 A.2d 697 (1973). These two cases clearly indicate that the Board was justified in its decision.

Accordingly, we enter the following:

### ORDER

NOW, June 27, 1975, the order of the Unemployment Compensation Board of Review in the above matter, dated July 12, 1974, affirming the referee and denying benefits to Robert Zielinski, is affirmed.