Tina M. Veneski *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Tina M. Veneski, Appellant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Peter B. Macky*, with him *Joseph A. Campagna, Jr.*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 8, 1977:

Tina Veneski (claimant) has appealed an order of the Unemployment Compensation Board of Review (Board) denying her benefits. The Board adopted the referee's determination that benefits to claimant should be discontinued because she refused to apply for suitable work.[1] We affirm.

Claimant's work history has particular significance in this case. Upon her graduation from high school and for a period of about two years thereafter, claimant worked as a secretary-receptionist for about $80 a week. Her duties included "some bookkeeping," as did the duties of her next job, where she earned about $105 a week. This second job continued for some months[2] but ended in March of 1975. Finally, in November of 1975 claimant obtained a job as a general office clerk where she earned $115 a week but where her bookkeeping duties were expanded. She was laid off this last job after only a month because of her admitted inability to handle the job duties. There-

---

[1] Claimant was determined to be ineligible under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a), which provides in pertinent part:

> An employe shall be ineligible for compensation for any week—

> (a) In which his unemployment is due to failure, without good cause, . . . to apply for suitable work at such time and in such manner as the department may prescribe. . . .

[2] The record is contradictory on this point, indicating in various places a duration of eight months and sixteen months.

after, claimant applied for and received unemployment compensation.[3]

On January 14, 1976, the Bureau of Employment Security advised claimant by telephone of an opening at a local company which paid $101.20 a week.[4] Claimant replied that she was not interested in the job because the pay was too low and because her car was used every other day by her father. Her refusal to even investigate the referral prompted the Bureau to discontinue her benefits, a decision affirmed by the referee and the Board.

Claimant appealed to this Court, contending that she was justified in refusing to investigate the referral employment and that therefore she is eligible for benefits. Two bases of justification are offered: (1) The pay for the referral employment was lower than the pay of her previous job where she received $115 a week for the month she was employed, and (2) the duties of the referral job were beyond her capabilities.

Claimants in unemployment compensation cases have the burden of proving a right to benefits.[5] We hold that the claimant in the instant case has not met that burden. First, we do not consider the disparity in pay between the referral opening and claimant's last position such as to justify her refusal. Claimant's last position, which was apparently preceded by over seven months of unemployment, lasted but one month. Moreover, claimant admitted that she could not ade-

---

[3] Claimant's application included a form entitled "Work History." This form indicated that claimant had a car and that she would drive 12 miles to work. There was also a notation on the back of the form that claimant would accept "$90.00 a week for employment close to Shamokin [her home]."

[4] This job offered 44 hours of employment a week at $2.30 an hour.

[5] *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973).

quately perform the duties of that position. Such an admission would seem to indicate that the rate of pay she received is a less than accurate standard by which to judge the rate of pay of the referral employment. Nevertheless, claimant would have us declare that a 12-percent reduction in the rate of pay justifies her refusal to apply for the referral employment. This we cannot do. Considering claimant's work history and her prior rate of compensation, we cannot say that the rate of pay of the referral employment justified claimant's refusal.

Second, we note that the referee found the duties of the referral job to be within the claimant's capabilities. The prospective opening was for a bookkeeper. The record demonstrates that claimant had performed some bookkeeping functions in the past and that the referral job required no experience. We conclude that the referee's finding, adopted by the Board, is based on substantial evidence and is therefore binding on this Court.[6] We cannot accept claimant's argument that, since she could not properly perform the bookkeeping functions of her last job, the bookkeeping opening was prima facie beyond her capabilities in lieu of evidence that the duties of the two jobs were substantially similar.

Having found no merit in the claimant's contentions, we enter the following

ORDER

AND Now, this 8th day of March, 1977, the order of the Unemployment Compensation Board of Review, dated March 29, 1976, denying benefits to Tina M. Veneski, is hereby affirmed.

---

[6] See Kanouse, supra note 5.