Mary R. Rose, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Charles J. Morris,* with him *Pollock, Pollock & Thomas,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, March 8, 1979:

Claimant Rose appeals from an adverse decision of the Unemployment Compensation Board of Review, affirming determinations of the referee and the Bureau of Employment Security, that claimant had voluntarily left her employment without cause of a necessitous or compelling nature and was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law.[1]

Claimant was employed by North Penn Convalescent Home at an hourly rate of $2.35. Claimant's last day of work was November 26, 1975. The following day her husband died, and claimant returned to her employer for the limited purpose of terminating her employment.

There is no disagreement between the parties that claimant terminated her employment and moved to West Virginia, because she felt she would not be able to meet living expenses on her income alone while remaining in Pennsylvania. Claimant's family lived in

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1).

West Virginia, where she owned her own home, and claimant anticipated that these factors would make her financial situation easier.

The Board found that on these grounds claimant had voluntarily terminated her employment for personal reasons which were not of a necessitous or compelling nature and therefore she was ineligible for benefits. We agree.

Claimant relies on our holding in *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974), to bolster her position that a poor financial condition may constitute necessitous and compelling cause for termination of employment.

In *Rettan, supra,* claimant quit her job because she could not afford to purchase eyeglasses, which her employer required she wear as a prerequisite to her continued employment. We held under those circumstances that claimant did not leave her work voluntarily.

Unemployment is not voluntary if the circumstances present the employee with no alternative but to quit. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946).

Here claimant has not dealt with the alternative of continuing the same employment and seeking to achieve lower living expenses in Pennsylvania.

The record indicates that continuing work was available to claimant. The record also indicates, and claimant admits, that she did not attempt to remain in Pennsylvania, where her employment was. There was no effort to lower her fixed monthly expenses in response to her new financial situation. Claimant did not show that she failed to secure less expensive living accommodations (rent being the largest part of her monthly budget) before she decided she could not afford to maintain herself and her job in Pennsylvania.

The Board found that terminating her employment under such circumstances, without substantial prospects of future replacement employment, was an exercise of personal preference in favor of living near her family in West Virginia. The finding is supportable; we cannot substitute a view that relocation was the only alternative dictated by the prudence which is required. *Rizzitano v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977), *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

The record supports the Board's finding that claimant terminated her employment for personal reasons, so that she is not entitled to benefits.

ORDER

AND Now, this 8th day of March, 1979, the order of the Unemployment Compensation Board of Review at No. B-146062, dated June 7, 1977, is affirmed.