David P. Lechmanik, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard F. Welch,* with him *Ronald J. Brown, Lucchino, Gaitens & Hough,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Beister, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 4, 1980:

David P. Lechmanik has appealed from a decision of the Unemployment Compensation Board of Review affirming a referee's decision that Lechmanik was ineligible for benefits because he was discharged from employment for willful misconduct as provided by Section 402(e) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Lechmanik was employed by Food City Market as a meatcutter and wrapper and manager of the meat department. Meat sales provided the bulk of Food City Market's business and it was Lechmanik's responsibility to see that the meat case was sufficiently stocked at the end of each day so that the store could do business the following day. On Friday, May 26, 1978, Lechmanik left work at the end of the day without filling the meat case. On Saturday morning he telephoned his employer and reported off work. Lechmanik was the only person scheduled to work in the meat department on Saturday and his employer discharged him on that day when he learned that Lechmanik would not report for work. Lechmanik applied for unemployment compensation benefits and a referee, after conducting a hearing, concluded that Lechmanik had been discharged for willful misconduct and

was, therefore, ineligible for benefits. The Board of Review affirmed the referee's decision and this appeal followed. We affirm.

Lechmanik says that the referee's decision is not supported by substantial evidence. Lechmanik's testimony, disputed of course by his employer, was to the effect that the meat case was inadequately stocked only because of the employer's failure to maintain a sufficient work force. On the other hand, both Lechmanik and the owner of the store testified that stocking the meat case was Lechmanik's responsibility. Lechmanik further testified that the meat case was empty when he left work on Friday, that there was insufficient cut meat available for business on Saturday, that he could have filled the case by working overtime and that he would have been paid for his work, had he chosen to do so. Whether, in the face of this evidence, the referee should have found that the fault lay entirely with the employer's failure to provide more help was a question of the weight and credibility to be given to the testimony of the parties— matters solely for the referee to resolve. *Unemployment Compensation Board of Review v. Zielinski,* 20 Pa. Commonwealth Ct. 73, 341 A.2d 216 (1975). Lechmanik's failure to perform a reasonable duty of his job, as the findings established, justified the conclusion that he committed an act of willful misconduct within the meaning of Section 402(e) of the Law, 43 P.S. §802(e). *See DiGiovanni v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 605, 404 A.2d 449 (1979).

Order affirmed.

ORDER

AND Now, this 4th day of January, 1980, the order of the Unemployment Compensation Board of Review is hereby affirmed.