Marion R. Rogel, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Kenneth Giannantonio,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 18, 1980:

Marion R. Rogel (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which denied her benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We reverse.

Claimant was discharged because the board of directors of St. Rita's Community Center, Inc. (employer) was informed that claimant was improperly drawing 50 percent of her salary, as executive director, from a state grant provided by the Department of Public Welfare (DPW). Claimant admits receiving the money but denies that she acted improperly.

Claimant contends that the Board's finding of willful misconduct, based upon a misuse of funds, is supported only by objected-to hearsay. We agree. The only evidence of willful misconduct was a statement by a member of employer's board of directors that someone from DPW had told him that claimant was improperly drawing half her salary. This testimony is clearly hearsay and, since claimant properly objected to it, it is incompetent to support the Board's finding. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367

A.2d 366 (1976). Moreover, claimant's own testimony does not support a finding of willful misconduct.[1]

Since employer has failed to prove willful misconduct, *Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973), we must remand this matter to the Board for a computation of benefits.

### Order

And Now, this 18th day of April, 1980, the order of the Unemployment Compensation Board of Review, dated December 26, 1978, denying benefits to Marion R. Rogel, is hereby reversed. It is further ordered that this matter be remanded to the Board, solely for a computation of benefits.

President Judge Bowman did not participate in the decision in this case.

---

[1] On the contrary, claimant presented the testimony of the chief accountant for the Youth Development Day Treatment Center, who reviewed the grant in question and affirmatively stated that claimant was entitled to be paid from grant funds.