Vernita P. Oberholtzer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

56

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Kenneth Levitzky*, with him *Catherine Guido*, for petitioner.

*Francine Ostrovsky*, Associate Counsel, with her *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 12, 1982:

This case comes before the Court on an appeal of a decision of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that claimant was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

Claimant testified that she had been employed as a machine press operator for approximately six months when she requested a leave of absence because of problems at home. When the situation failed to resolve itself, she left the market area, and moved to a bungalow which she owned, ostensibly for a vacation. Three months later she returned to the marital residence to pick up her winter clothes, and went back to the bungalow to live. She had no contact with her employer from the time she asked for the leave in July, until December or January, when she informed him that she had moved.

The Board found that continuing work was available to the claimant, but she chose to abandon her employment when she left her husband, because she wished to relocate to the area in which she owned a house. Our review of the record indicates that there is substantial evidence to support these findings.[2]

Claimant argues to this Court that the additional expenses she would incur by remaining in the area in which her job was located constitute necessitous and compelling cause to terminate the employment relationship. She theorizes that any prudent and reasonable person would have acted in the same manner. However, it is clear from the record that she did not attempt to ascertain the feasibility of remaining where she could keep her job. She neither consulted

---

[2] Our scope of review

in the absence of fraud, is confined to questions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence and giving to the prevailing party the benefit of any favorable inference which can reasonably and logically be drawn therefrom. (Emphasis omitted.)

*Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974).

with her employer, nor considered the possibility of moving her belongings to that area. She *"felt* as though (she) wouldn't be able to relocate."[3] (Emphasis added.)

In *Rose v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 127, 129, 398 A.2d 749, 750 (1979), this Court denied benefits to a widowed claimant who "ha(d) not dealt with the alternative of continuing the same employment and seeking to achieve lower living expenses." We determined that benefits should be denied where the record indicates that (1) continuing work was available, and (2) the claimant made no attempt to modify her economic situation and remain in the area where her employment was. Since this record establishes that the claimant failed to meet the two-fold test, we affirm the order of the Board.

In addition to her objections to the substantive matters of the case, claimant asserts procedural error in the failure of the referee to advise her of her right to cross-examine adverse witnesses, to procure an attorney, and to offer witnesses on her own behalf. In responding to this contention, we first note that no adverse witness at whom cross-examination could be directed appeared at the hearing. Furthermore, the

---

[3] The colloquy between the referee and the claimant then continued as follows:

QR: Did you ever take into consideration selling that property and the furniture and living items in that home and have it relocated to . . .?

AC: No.

QR: You never thought of that?

AC: No. That land was given to me by my parents.

QR: Now after you had requested the time off in July, did you ever, at any time, contact or talk with the employer explaining your situation?

AC: No.

uncontested facts are all supported by claimant's own testimony, and it is simply a matter of law for this Court to ascertain whether they rise to the level of a necessitous and compelling reason for terminating the employment relationship.

The referee in this case asked the claimant specific questions to enable her to emphasize those aspects of the case which might have shown that she met the *Rose* test, *supra*. As in *Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981), we here find that claimant was the recipient of a full and fair hearing, and there was no prejudice to claimant in the referee's omission.

Order affirmed.

### ORDER

AND Now, this 12th day of April, 1982, the order of the Unemployment Compensation Board of Review, dated April 11, 1980, Decision No. B-183095, is hereby affirmed.