William B. Menges, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Mark Woodbury, III, Wolfson & Woodbury,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 5, 1982:

Claimant appeals to this Court to reverse the determination of the Unemployment Compensation Board of Review (Board) that he is ineligible for benefits under Section 402(a) of the Unemployment Compensation Law (Law),[1] because he refused to accept a referral of suitable employment.

Claimant was laid off from his job as a truck driver in January, 1980. The following March the Bureau of Employment Security (Bureau) referred him to A.D. Frey (employer), which had an available position for a truck driver. Without investigating the terms and conditions of the prospective employment, claimant refused the referral, ostensibly because he had a back condition and felt that his back could not withstand the lifting that would probably be required

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

of him. Thereafter, the Bureau terminated his benefits; upon appeal, that decision was affirmed by both the referee and the Board.

The pertinent findings of fact made by the Board can be summarized as follows:

(a) the Bureau referred claimant to a local concern for possible employment as a truck driver.

(b) the claimant refused the offer of prospective employment because he felt that he would be required to load and unload tractors,

(c) the claimant had not informed the Bureau prior to the refusal that he suffered from any physical impairments,

(d) the claimant's doctor certifeid that he has a back condition and cannot lift over 25 pounds, and

(e) the claimant never contacted the prospective employer to verify the terms and conditions of the job.

Claimant does not challenge any of the findings in his appeal to this Court. He disputes the denial of benefits on three different counts: (1) that the job to which he was referred was not "suitable" because of his back condition, (2) that it was incumbent upon the Bureau to make itself aware of claimant's infirmity, so that it would limit its referrals to such employment as would be suitable, and (3) that it would have been futile for him to report to the prospective employer because he already "knew" that the job was not one which he could perform. Within our scope of review[2] we will examine these arguments seriatim.

---

[2] Our scope of review is limited to a review of the record to ascertain whether the Board committed an error of law, and whether the findings made by the Board are supported by the evidence. *Oberholtzer v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 55, 444 A.2d 789 (1982).

Claimant first asserts that the burden rested upon the Bureau to obtain adequate information relating to his disability. He cites no law in support of this position, and our research has disclosed none. On the contrary, this Court opines that it is the duty of the claimant to alert the Bureau to any restrictions he may labor under, since he, and not the Bureau, is most privy to this information. The Bureau attempts to obtain such data by Question No. 8 on its Eligibility Review Form: "Describe any disability (illness, injury or pregnancy) or any condition (hospitalization or other circumstances) that may prevent you from working now or which may *limit the work you can accept.*" (Emphasis added.) Claimant, having answered "none" to the question, has no justification for this assertion.

Claimant next argues that the Bureau, having belatedly become aware of his back condition, should have rescinded that job offer, since it was patently not "suitable" employment. The evidence fails to support this hypothesis. There is no indication in the record, other than the opinion advanced by the claimant, that any lifting was required of the employer's truck drivers,[3] or that such lifting was a condition of this particular job. Claimant's asserted personal knowledge of the lifting requirement was based on his previous tenure with this employer, in 1952, around 1954 or 1955, and around 1957.[4] On this point he further testified that "today I still been around the boys that

---

[3] Claimant suggests that it was the duty of the Bureau to call a witness from the employer to prove that all truck driving jobs with that concern require lifting. That is an incorrect analysis of the law, since the burden is on the claimant to establish his entitlement to benefits, *not* on the Bureau to prove his ineligibility. *See, Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977).

[4] Claimant's testimony before the referee.

work for A.D. Frey (sic)," and that some of the deliveries still require unloading. Based on this "knowledge," claimant felt justified in refusing to contact the employer, since his estimation of the situation was that an interview would prove futile.

This Court thinks otherwise. As we noted in *Unemployment Compensation Board of Review v. Zielinski*, 20 Pa. Commonwealth Ct. 73, 76, 341 A.2d 216, 217 (1975):

> Under such circumstances, we are not in a position to say that it was unreasonable for the Board to decline to accept such a reason for refusing to even investigate the referral to see if such rumored and stale information reflected current conditions.

The "rumored and stale information" referred to in the above quotation consisted of statements made to that claimant by friends concerning the conditions under which truck drivers worked at the concern in question, and "some personal observations he made over five years before while working for a previous employer." *Id*. at 75, 341 A.2d at 217.

In the case *sub judice*, the reason propounded by the claimant for refusing to investigate is based upon personal observations made approximately thirty years ago, and information apparently gleaned from conversations with "the boys"—equally "rumored" and far more stale information than that in *Zielinski*. Because we find *Zielinski* to be dispositive of this issue, we cannot give claimant the relief he seeks.

After reviewing the evidence, we conclude that the claimant has not carried his burden of establishing the unsuitability of the job offer. *Eichman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980). Because we further perceive that the completely uncontested findings of fact are supported by the record, and that the

554

Board has committed no error of law, we hereby affirm the decision issued by the Board.

ORDER

AND Now, this 5th day of November, 1982, the Decision and Order of the Unemployment Compensation Board of Review, dated May 22, 1980, docketed to No. B-184380, is hereby affirmed.