Rose Unemployment Compensation Case.

182

Argued April 11, 1962.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Edna A. Rose,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with
him *David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

The appellant in this unemployment compensation
case had been employed for 17 years at a salary of $80
per week.  She lost her position December 30, 1960, be-
cause of the death of her employer.  She was out of
employment and collected compensation until April 14,
1961, when she was offered a referral as a bookkeeper
at a salary of $250 per month.  She did not accept the

referral and thereafter was denied benefits under §402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

This section provides that a person is ineligible for compensation for any week in which the employment is due to failure, without good cause, *either to apply for* suitable work at such time and in such manner as the department may prescribe, *or to accept* suitable work when offered.

The board found the claimant refused to accept the referral because she was not interested in work paying less than $80 per week and that she did not feel qualified to perform the duties of the prospective job. It also found that the claimant had sufficient background to enable her to acquire the required skills for the new job.

The findings of the board as to the facts, if supported by the evidence and in the absence of fraud, are conclusive. The Pennsylvania Unemployment Compensation Law, §510, 43 P.S. §830; *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

The employment interviewer testified that the claimant "turned down the position stating she was not interested on account of the salary . . ." The claimant signed a statement containing the following question and answer: "Question No. 6. What were your reasons for refusing the job or job offer? A. Made 80 and can't do typing." Claimant's application card shows under "Skills, Knowledges, Abilities" the following: "Bookkeeping, General Office Work, Typing, Filing." There is thus evidence upon which the board could base its findings.

One receiving unemployment compensation becomes ineligible for future compensation upon failure, without good cause, to either apply for or accept suitable work. It was the duty of the claimant in this case to

apply for the position and, if the employer was willing to employ her, to accept the position. Her failure to follow this requirement makes her ineligible for compensation.

Decision affirmed.