Paul R. Donnelly, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 5, 1974, before Judge CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Eugene F. Zenobi,* with him *Alan N. Linder,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 15, 1975:

The single issue in this unemployment compensation appeal of Paul R. Donnelly (claimant) is whether or not

his refusal to accept an offer of work disqualifies him from receiving unemployment compensation benefits under Section 402(a) of the Unemployment Compensation Law.[1]

Section 402(a) provides in pertinent part that "[a]n employe shall be ineligible for compensation for any week—

"(a)   In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer . . . ."

Claimant was, in turn, found to be ineligible under this section by the Bureau of Employment Security (Bureau), a referee, and the Unemployment Compensation Board of Review (Board). He now appeals to us.

Claimant's ineligibility for compensation is based on the following findings of fact, made by the referee and adopted by the Board, which we find to be adequately supported by evidence in the record:

"1.   The claimant worked for the Aument Brake and Supply, Inc., as a salesman at $160.00 per week for 15 months and his last day of work was January 5th, 1973, when he had a valid separation.

"2.   The claimant, on April 17th, 1973, was referred by the Pennsylvania Employment Service to the National Standard Company in Mt. Joy, Pa., for a permanent position as a production clerk at $550.00 per month. The job required some Saturday and Sunday work, with time and half for Saturday and double time for Sunday.

"3.   The claimant applied for the job and after two days of consideration, the claimant rejected the

---

1.   Act of December 5, 1936, Second Ex. Sess., P. L. (1937), 2897, *as amended*, 43 P.S. §802(a).

offer. His reasons were there was no career opportunity and a host of smaller items.

"4. The claimant is willing to accept a job, requiring work on Saturday and Sunday, and that he and his wife are raising four foster children, for which they receive $280.00 per month.

"5. The job with National Standard had possibilities, but the plant manager did not guarantee any advancement."

Claimant's argument on appeal is that he is not disqualified by Section 402 (a) because the job he refused to accept was not "suitable work." We do not agree.

The term "suitable work" is defined in Section 4 (t) of the Act, 43 P.S. §753 (t) as follows:

"(t) 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence."

Upon reviewing the facts of this case in light of the criteria in Section 4 (t), we find that the referee and Board were legally correct in determining that the production clerk's job offered claimant was "suitable work."

Claimant's work history reveals that he held two jobs for short durations as a "customer service supervisor" and a "sales correspondent" before going to college. After graduating from college, claimant worked as

a salesman for about 15 months before becoming unemployed. Importantly, claimant does not claim that his college education provided him with a specific employment skill or that he possessed any such skill other than that which he acquired through his 15 months' experience as a salesman.[2] These facts concerning claimant's work history easily distinguish this case from *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A. 2d 174 (1967), in which it was held that claimants, who had spent years acquiring a specific employment skill and who were then asked to accept unskilled positions at lower pay, were not disqualified for refusing these positions.

While it is true that the work offered claimant paid substantially less than his prior job — $550 per month as opposed to $704 per month — the decisional law of this Commonwealth has resulted in claimants in comparable circumstances being disqualified for similar refusals. *Rose Unemployment Compensation Case*. 198 Pa. Superior Ct. 181, 181 A. 2d 691 (1962); *Valentine Unemployment Compensation Case*, 197 Pa. Superior Ct. 574, 180 A. 2d 85 (1962). We think that the most important factor in this type of case is the length of time that the claimant has been unemployed. A claimant's particularity for desired employment must decrease as his length of unemployment increases. In this case, claimant's refusal to accept the production clerk's job may have been defensible had the offer been made shortly after he became unemployed, but it was not defensible after his 3½-month period of unemployment. *See Bethlehem Steel Corporation v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 292, 310 A. 2d 697 (1973).

2. Although claimant stated that he wanted to get into an accounting field, his work history shows that he had no special skills in this area except for 1 year of bookkeeping in business school.

Claimant also argues that the Board's denial of compensation is an unconstitutional infringement on his First Amendment right to freedom of religion under the holding in *Sherbert v. Verner*, 374 U.S. 398, 83 S. Ct. 1790, 10 L. Ed. 2d 965 (1963). This argument is based on claimant's contention that, because the job offered him included some work on Saturday and Sunday, it conflicted with his duty to honor the Sabbath.

The defect in claimant's argument is that the Board did not find that his refusal to accept the job was based on religious grounds but, instead, found that he was willing to accept a job requiring work on Saturday and Sunday. This finding makes this case distinguishable from *Sherbert*, which involved a claimant who *refused* to work on her Sabbath.

Our careful review of the record reveals that the Board's finding of claimant's willingness to work on Sunday is supported by the evidence. Although claimant stated at a remand hearing that he "felt that it's a religious requirement that I have a Sabbath," this testimony was inconsistent with other evidence presented in this case. Claimant neglected to state that the proffered job was in conflict with his religious beliefs on his Summary of Interview form, which was filled out some 3 weeks after his refusal, and in his petition for appeal from the Bureau's initial denial of compensation. Even at the first hearing before the referee, claimant stated, in response to the question of whether it would be contrary to his religion to work on Sunday, "This is a difficult thing, I would work for the sake of my family on the Sabbath, my *personal preference* would not be to work at all on Sunday." (Emphasis added.) We find that the inconsistency of the evidence on this issue forced the fact finder to determine which of claimant's statements were the more credible. The fact finder decided to give more weight to claimant's earlier statements as to the reasons for his refusing the job, and we are bound by this determina-

tion. *See Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973).

We therefore issue the following

ORDER

AND NOW, this 15th day of January, 1975, the order of the Unemployment Compensation Board of Review denying the claim of Paul R. Donnelly is hereby affirmed.