Alice M. Murphy, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued April 9, 1976, before Judges KRAMER, WIL-KINSON, JR., and BLATT, sitting as a panel of three.

*S. Jay Sklar*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, May 13, 1976:

In this appeal from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review, the appellant was last employed as a secretary by the Franklin Institute of Philadelphia at a weekly salary of $120.00. This employment was terminated on July 14, 1972. Appellant applied for unemployment compensation benefits on July 25, 1972. She was determined to be eligible and received benefits.

Appellant was referred to the Philadelphia Museum of Art for a job interview to take place on January 30, 1973. Appellant accepted the referral and kept the appointment. As part of the interview process, appellant completed an application form on which she indicated she required a salary of $135.00 a week. After completing the application, she had a personal interview. To this point everyone is in agreement on the facts.

It is unmistakably clear that during the interview, what can fairly be characterized as a "bargaining session" took place as to the salary to be paid if the appellant were hired. Appellant started at $135.00 a week as indicated on the application form. The prospective employer countered with the fact that although $110.00 was the amount in the budget, nevertheless he would go to $115.00 but no higher. Appellant replied that she would accept $125.00 but would not go lower. The bargaining process ended at that point without agreement.

On February 13, 1973, the Bureau of Employment Security denied benefits to appellant under the provisions of Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P. S. §802(a):

> "An employee shall be ineligible for compensation for any week
>
> "(a) In which his unemployment is due to failure, without good cause, ... to accept suitable work when offered to him. ..."

On appeal, the referee affirmed the Bureau and on further appeal, the denial was affirmed by the Board of Review. Subsequently, appellant petitioned the Board of Review for and was granted a vacation of its prior order, and the matter was referred back to the referee, sitting as a hearing officer for the Board of Review, for further hearings. After further testimony, the Board of Review reconsidered the matter and again denied benefits. This appeal followed.

The parties agree that on the present case, this Court's scope of review is to examine the record to determine if there is substantial evidence to support the denial of benefits. We do not make an independent determination of eligibility.

The key, and indeed only, issue is whether appellant declined an offer of employment at $115.00 a week. It is not seriously argued, as it could not be, that appellant would be entitled to reject an offer of $115.00 a week as being inadequate. After a period of six months' unemployment, a reduction from $120.00 to $115.00, even with inflation, is not unreasonable to require. See *Donnelly v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 39, 43, 330 A.2d 544, 547 (1975), wherein Judge MENCER aptly stated: "A claimant's particularity for desired employment must decrease as his length of unemployment increases."

Appellant's main thrust in this appeal is that there was no testimony in the record to support the finding of the Board of Review that an offer was made. Indeed, appellant is able to quote the representative of the employer who testified:

"The job, as far as the Museum is concerned, was never offered to Mrs. Murphy and Mr. Marcus has stated that. Mr. Marcus was not absolutely convinced that Mrs. Murphy was temperamentally suited to the job."

On the other hand, appellee is able to quote appellant's own testimony wherein she testified:

"Q.R. They [Museum of Art] said that you had requested $135.00 per week, and they couldn't match that salary.

"A.C. Okay, they couldn't match that, but they didn't go up to $120.00. They offered me first $110.00 and they said under the conditions they couldn't go higher because of my experience and such the highest they could go was $115.00. Unfortunately, I can't

accept that amount of money. Before I had the Franklin job I was getting $135, $140 per week. As a bilingual secretary."

Further, in the original application, appellant stated: "I was offered $110.00 and $115.00 as the maximum."

When such conflict in the testimony appears, it is obviously the finder of fact, in this instance the Board of Review, that must resolve the conflict. No good purpose would be served by speculating as to whether the Board felt that the employer's representative was actually saying that the employer did not develop the offer beyond the salary stage into the competence stage because appellant rejected the maximum salary of $115.00. And, we might speculate that the Board of Review decided that from the appellant's testimony, it was clear that she anticipated the employer's offer, her competence then having been determined at $115.00, and communicated to the employer her rejection of it. In either event, and without speculation, it is clear to us that there is more than ample testimony to support the decision of the Board of Review.

Accordingly, we enter the following

ORDER

Now, May 13, 1976, the decision and order of the Unemployment Compensation Board of Review, dated December 24, 1973, affirming the referee and denying benefits is affirmed.

Judge KRAMER did not participate in the decision in this case.