Antonio Conti, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Harmony Clothes, Respondents.

Argued September 12, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Henry J. Horstman,* with him *Frank Carano,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, October 7, 1980:

Antonio Conti has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits on the ground that he refused to accept suitable employment without good cause. We affirm.

Mr. Conti was last employed by Louis Goldsmith as a bushelman, a skilled position involving the alteration of garments. His last day of employment was October 13, 1978, at which time Goldsmith went out of business. Mr. Conti then applied for and was granted unemployment compensation benefits at the rate of $143.00 per week. On March 6, 1979, after almost five months of unemployment, Mr. Conti was referred by the Office of Employment Security to a job with Harmony Clothes as an alterations tailor at the rate of $5.00 per hour. Harmony Clothes offered employment to Mr. Conti, but he turned it down. His unemployment compensation benefits were then terminated for his failure to accept suitable work without good cause.

Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a). The termination of Mr. Conti's benefits was affirmed by a referee and by the Board.

Mr. Conti contends that the Board erred in finding that Harmony Clothes' offer of employment was suitable work and in concluding that Mr. Conti refused the offer without good cause. Mr. Conti argues that the Harmony Clothes offer was for temporary work only and that the pay offered by Harmony Clothes, $5.00 per hour, was too low. Thus, he says, its offer was not one for suitable work and he therefore was justified in refusing it.

Mr. Conti's contentions are in direct opposition to the Board's findings. The Board found that the job offered to Mr. Conti had possibilities for indefinite employment, as well as opportunities for future wage increases. The Board also found that the work offered was consistent with Mr. Conti's prior training and experience and that it paid the prevailing union wages. All of these findings find substantial support in the record in the form of the testimony of Harmony Clothes' representative and thus they may not be disturbed. *Murphy v. Unemployment Compensation Board of Review*, 24 Pa. Commonwealth Ct. 466, 469, 357 A.2d 263, 264 (1976). Comparing these findings with the definition of suitable work found in Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t), we see no error in the Board's finding that the Harmony Clothes offer constituted suitable work.

There was also no error in the Board's conclusion that Mr. Conti refused Harmony Clothes' offer without good cause. Even if Mr. Conti's assertion that he refused the work offered because he believed that it was only temporary in nature is accepted, his claim could be properly denied. "The fact that the offered work was temporary is no excuse and does not justify

a refusal.'' *Toporovich Unemployment Compensation Case,* 179 Pa. Superior Ct. 36, 39, 116 A.2d 78, 79 (1955). *See also, Barr Unemployment Compensation Case,* 172 Pa. Superior Ct. 389, 93 A.2d 877 (1953).

Mr. Conti's claim that good cause for his refusal existed because the pay offered by Harmony Clothes was too low also must fail. Harmony Clothes offered Mr. Conti $5.00 per hour. Mr. Conti's rate of pay with his previous employer was found by the Board to be $6.00 per hour. We will assume, however, that Mr. Conti's final wage at his previous employment was $6.60 per hour.[1] The fact that the offered wage was $1.60 per hour, or 24% lower than his previous wage, does not constitute good cause for Mr. Conti's refusal to accept the offer, particularly in light of the fact that Mr. Conti had been unemployed for five months prior to Harmony Clothes' offer. *Unemployment Compensation Board of Review v. Zielinski,* 20 Pa. Commonwealth Ct. 73, 341 A.2d 216 (1975) (offer of employment at a rate of pay $1.80 per hour less than claimant's previous wages does not justify a refusal to accept employment, especially after seven months' absence from steady employment). *See also, Eichman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980); *Barillaro v. Unemployment Compensation Board of*

---

[1] There is absolutely no evidence in the record to support the Board's finding of fact that Mr. Conti's final rate of pay was $6.00 per hour. The referee found as fact that Mr. Conti's final rate of pay was $6.60 per hour, based upon Mr. Conti's testimony before the referee. It appears, however, that the Board's figure of $6.00 per hour is a typographical error, since the Board recognizes in the Discussion section of its order that there existed a $1.60 difference between Mr. Conti's final rate of pay and the rate offered by Harmony Clothes. We will therefore rest our decision upon a $6.60 per hour final rate of pay.

It is also interesting to note that Mr. Conti, in his arguments to this Court, utilizes a final rate of pay of $6.17 per hour. If we were to accept this figure, Mr. Conti's position would be weaker still.

*Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978). Mr. Conti's reliance upon *Shay Unemployment Compensation Case,* 424 Pa. 287, 227 A.2d 174 (1967), and *Sproul v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 442, 322 A.2d 765 (1974) is misplaced. In both those cases, unlike here, the offer of employment at a lower rate of pay was made either at or immediately after the termination of the claimant's prior employment.

Accordingly, we enter the following

ORDER

AND Now, this 7th day of October, 1980, the order of the Unemployment Compensation Board of Review disallowing unemployment compensation benefits for Antonio Conti is affirmed.