IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Marie Patricia Seader,        :
           Petitioner      :
                             :
           v.               :      No. 1328 C.D. 2022
                             :      Submitted: July 14, 2023
Unemployment Compensation    :
Board of Review,              :
           Respondent   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED:  November 17, 2023

Anna Marie Patricia Seader (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board), affirming the Referee's determination that Claimant was ineligible for pandemic unemployment assistance benefits after July 16, 2020, because she was no longer unemployed as a direct result of the COVID-19 Pandemic and that a non-fault overpayment was established. On appeal, Claimant argues that she remained eligible for pandemic unemployment compensation benefits, despite receiving an offer of full-time employment, because the rate of pay was lower than at her previous job. Discerning no error in the Board's adjudication, we affirm.

Claimant was employed by Family Health Council of Central Pennsylvania (Employer), until March 17, 2020, when, due to the COVID-19

Pandemic, Employer shut down its business.[1]  Claimant was unable to work.  On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act,[2] which provided financial assistance to individuals affected by the COVID-19 Pandemic.  The CARES Act provided that individuals entitled to receive unemployment compensation benefits could be paid "regular compensation" in the amount determined under state law, plus an additional amount for "pandemic unemployment compensation."  15 U.S.C. §9023.  For weeks of unemployment ending on or before July 31, 2020, eligible individuals could receive $600 weekly Federal Pandemic Unemployment Compensation (FPUC).  15 U.S.C. §9023(b)(3)(A)(i).  Individuals not otherwise eligible for "regular compensation," such as those who were self-employed, were made eligible for Pandemic Unemployment Assistance (PUA) under Section 2102 of the CARES Act.[3]  15 U.S.C. §9021.

Claimant applied for PUA benefits.  The Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department), issued a determination finding Claimant eligible for PUA benefits at a weekly amount of

---

[1] On March 19, 2020, because of COVID-19, Governor Wolf issued an Executive Order temporarily closing all businesses deemed to be non-life-sustaining. *See Friends of Danny DeVito v. Wolf*, 227 A.3d 872, 878-79 (Pa. 2020).

[2] 15 U.S.C. §§9001-9141.

[3] Individuals eligible for unemployment compensation benefits but unable or unavailable for work due to specified COVID-19 related reasons, including the closure of the place of employment as a direct result of the COVID-19 public health emergency, could receive PUA benefits.  U.S. DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE PROGRAM LETTER NO. 16-20 (April 5, 2020), available at: https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20.pdf (last visited November 13, 2023).

$254,[4] plus an additional $600 weekly in FPUC benefits. On September 14, 2020, she began working for Meadville Medical Center.

A year later, in October 2021, the Department issued a Pandemic Unemployment Disqualifying Determination, finding that Claimant was

> no longer unemployed as a direct result of the Pandemic. You refused, without good cause, to apply for or to accept suitable work which is cause for denial of [Pandemic Assistance] benefits.

Certified Record at 14 (C.R. __). Accordingly, the Department informed Claimant that she had been overpaid PUA benefits for the weeks ending March 21, 2020, through September 12, 2020, in the amount of $254 a week for a total of $4,883. Additionally, she was overpaid FPUC benefits for the weeks ending March 2, 2020, through July 25, 2020, in the amount of $7,200. Claimant appealed, and a hearing was held before a Referee.

Claimant testified that she stopped working for Employer on March 17, 2020, when it closed because of the COVID-19 Pandemic. She filed for unemployment compensation benefits. Claimant subsequently found other employment at the Meadville Medical Center in September 2020. Prior to September 2020, Claimant testified that she had been offered a job as a Nutritional Services Aide, but she declined the offer because "it wasn't going to meet [her] needs[.]" Hearing Transcript at 5 (H.T. __); C.R. 79. She explained that the salary for the nutritional services aide position was "so low" that she would not be able to

---

[4] Pennsylvania's Pandemic Unemployment Assistance "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons[.]" Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited November 13, 2023).

pay her bills or "even pay off [her] student debt." H.T. 5; C.R. 79. Claimant testified that during the time she received PUA benefits, she applied for 100 jobs. She argued that she was eligible for unemployment compensation during that six-month period of time, notwithstanding her refusal to accept a job offer.

Following the hearing, the Referee issued a decision finding that Claimant was eligible for benefits under Section 2102(a)(3) of the CARES Act, 15 U.S.C. §9023(b), effective March 15, 2020, through July 25, 2020, but ineligible for benefits effective July 26, 2020. In so doing, the Referee made the following findings of fact:

> 2. On March 17, 2020 the claimant was furloughed from her job at Family Health Council of Central PA due [to] the pandemic mandated closures.
>
> 3. On July 24, 2020 the claimant was offered full time employment as a Nutritional Services Aide with Encompass Health.
>
> 4. The claimant declined that job as she was not satisfied with the rate of pay.
>
> 5. The claimant started working full time in South Carolina on or about September 15, 2020.[5]
>
> 6. The claimant received PUA benefits for the weeks ending March 21, 2020 through September 12, 2020 in the amount of $254 per week for a total of $4,883.
>
> 7. The claimant received [] Federal Pandemic Unemployment Compensation benefits for the weeks ending May 2, 2020 through July 25, 2020 in the amount of $600 per week for a total of $7,200.

Referee Decision at 2, Findings of Fact Nos. 2-7; C.R. 88.

---

[5] In Finding of Fact No. 5, the Referee stated that Claimant "started working full time in South Carolina." This appears to be a typo, as Claimant testified that she started working full time at the Meadville Medical Center in Pennsylvania. H.T. 4; C.R. 78.

4

The Referee explained that Claimant was unemployed due to the Pandemic from March 15, 2020, through July 24, 2020. Because she was offered a job and no longer unemployed due to the Pandemic, the Referee found that she was ineligible for PUA benefits under Section 2102(a)(3)(A)(1) of the CARES Act, effective July 16, 2020. Accordingly, Claimant was not entitled to PUA benefits for the weeks ending August 1, 2020, through September 12, 2020, which totaled $1,178. However, the Referee found the $1,178 overpayment not fraudulent.

Because Claimant was eligible for PUA benefits for the weeks ending March 21, 2020, through July 25, 2020, she was entitled to the FPUC benefits. Accordingly, the Referee cancelled the notice of overpayment for the FPUC benefits.

Claimant appealed the Referee's decision to the Board, which affirmed the Referee's decision. In so doing, the Board adopted and incorporated the Referee's findings of fact. Claimant then petitioned for this Court's review.

On appeal,[6] Claimant has identified four issues in her brief.[7] Her brief does not develop each of these issues but, rather, argues that the Board erred in determining that she was ineligible for PUA benefits effective July 26, 2020.

---

[6] This Court's review determines whether constitutional rights were violated, whether errors of law were committed, or whether the findings of fact were supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

[7] Claimant's Statement of Questions sets forth the following four questions:

(1)     Why has the Department [], the Pennsylvania Unemployment Compensation Office, and its Board []failed to recognize its decisions are in contradiction with its published instructions to users of its services? []

(2)     Having presented this evidence in January 2022 in the request for the second appeal, and then again in August 2022 in the appeal to the Board of Review, why has [the Department] not specifically addressed it or even acknowledged the submission of the evidence?

We begin with a review of the relevant legal principles, which draw on both state and federal statutes.

The CARES Act provides PUA benefits to covered individuals, which is a defined term. Section 2101(a)(3) of the CARES Act states, in relevant part, as follows:

> (3) Covered individual
>
> The term "covered individual"--
>
> > (A) means an individual who--
> >
> > (i) is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title;
> >
> > (ii) provides self-certification that the individual--
> >
> > > (I) is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because--
> >
> > > \* \* \* \*

---

(3)    If these [Pandemic Unemployment Assistance] benefits were ineligible, why were they paid and not reviewed for over a year?

(4)    Why has [the Department] sent, retracted, then sent again the Notice to Assess Penalty on this matter, which is awaiting the appeals process, and citing extraordinary amounts having no relevance to this matter?

Claimant Brief at 8. The argument section of Claimant's brief mentions the first issue on appeal; therefore, the Court will address this issue. However, Claimant does not mention or even develop issues 2, 3, and 4 in her brief; therefore, the Court will not address those issues in its opinion. *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (arguments not properly developed are deemed waived).

6

> (jj) the individual's place of employment is closed as a direct result of the COVID-19 public health emergency[.]

15 U.S.C. §9021(a)(3)(A)(i), (ii)(I)(jj). Because Claimant became unemployed on March 17, 2020, when her place of employment was shut down by COVID-19, she became a "covered individual" entitled to PUA benefits as of that date.

To remain eligible for PUA benefits, Claimant had to remain unemployed due to a COVID-related reason for each week. *See* Unemployment Insurance Program Letter No. 16-20, Change 1, Attachment I, pg. I-12, Question 46; https://www.dol.gov/sites/dolgov/files/ETA/advisories/ UIPL/2020/UIPL_16-20_Change_1_Attachment_1.pdf (last visited November 13, 2023). Accordingly, refusal to work renders a claimant no longer unemployed due to a COVID-related reason. *Id.*, Question 49. Guidance from the United States Department of Labor provides:

> Additionally, the individual may still be eligible for PUA if he or she [was] to refuse work that would be considered suitable under state law, *but turned the work down for "good cause" under state law*. To continue to be eligible for PUA after turning down suitable work for "good cause," this individual still must be unemployed, partially unemployed, or unable or unavailable to work because of one of the COVID-19 related reasons.

Unemployment Insurance Program Letter No. 16-20, Change 2, Attachment I, pg. I-7, Question 16; https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/ UIPL_16-20_Change_2_Attachment_1.pdf (last visited November 13, 2023) (emphasis added).

Section 402(a) of the Unemployment Compensation Law (Law)[8] states, in part, that an individual is ineligible for compensation for any week

---

[8] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

[i]n which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer[.]

43 P.S. §802(a). Claimant has the burden to prove that the work available was not suitable[9] and that she had good cause for the refusal. *Rising v. Unemployment Compensation Board of Review*, 621 A.2d 1152, 1153-54 (Pa. Cmwlth. 1993).

Claimant does not dispute that she was capable of performing the work as a nutritional services aide with Encompass Health.[10] The question is whether she had good cause to refuse that job offer, *i.e.*, "real and substantial reasons." *Rising*, 621 A.2d at 1155. At the hearing before the Referee, Claimant testified that she rejected the offer from Encompass Health because the salary "wasn't going to meet [her] needs[.]" H.T. 5; C.R. 79. It was "so low" that she would not be able to pay her bills or "even pay off [her] student debt." H.T. 5; C.R. 79.

Refusal to accept employment based upon the amount of compensation does not, *ipso facto*, constitute good cause for refusal. In *Conti v. Unemployment Compensation Board of Review*, 420 A.2d 778, 779 (Pa. Cmwlth. 1980), we held that the claimant did not have good cause to refuse a job that paid a wage 24% lower than his previous wage, especially after 7 months of unemployment. In *Bicer v. Unemployment Compensation Board of Review*, 377 A.2d 828, 829 (Pa. Cmwlth. 1977), the claimant, an unemployed machinist, refused a "machinist/die maker" position because the rate of pay was too low. The claimant previously earned $5.00 an hour, and the new job paid $4.82 an hour for the first 30 days and $4.97 thereafter.

---

[9] Suitable work is all work which the employee is capable of performing. Section 4(t) of the Law, 43 P.S. §753(t).

[10] Claimant worked as a Nutritionist at Family Health Counsel of Central Pennsylvania prior to the Pandemic. H.T. 4; C.R. 11, 78.

At the time of the job offer, the claimant had been unemployed for five months. We held that "the rate of pay of the offered employment was not such as to justify the refusal of that employment." *Id*. at 829. *See also Donnelly v. Unemployment Compensation Board of Review*, 330 A.2d 544, 547 (Pa. Cmwlth. 1975) (after 3.5 months of unemployment, "[a] claimant's particularity for desired employment must decrease" to the point of accepting substantially less remuneration; viz., $550 per month, as opposed to $704 per month); *Valentine v. Unemployment Compensation Board of Review*, 180 A.2d 85 (Pa. Super. 1962) (claimant did not act in good faith by refusing employment paying $50 and $60 a week, as compared to prior weekly wage of $100, after more than 4 months of unemployment).

Here, Claimant's only reason for rejecting the offer of employment was the reduction in compensation. She claimed that the pay was "so low" that she could not "pay off" her debt and bills. H.T. 5; C.R. 79. However, Claimant did not provide any evidence to compare her prior rate of pay with that offered. Because a reduction in compensation is not, by itself, good cause to refuse employment, Claimant did not make her case.

Claimant argues, however, that the Board's instructions led her to believe she could refuse a job offer that paid less than she made before her unemployment. She cites the Board's online questions and answers, which state, in part:

> Q.　What kind of jobs can I apply for?
>
> A.　You may apply for jobs that would provide suitable work; that is, any work that you are capable of performing. However, *you are allowed to limit your job applications to jobs that offer* employment and *wages similar* to what you had before you became unemployed[.]

9

C.R. 84 (emphasis added). This online information is irrelevant because it relates to the job application process and does not pertain to the refusal of a job that has been offered.

Claimant had been unemployed approximately four months when she applied for a job that paid less than her previous employment. Once she received the offer, she could not refuse to accept it solely based on the rate of compensation.

For the foregoing reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Marie Patricia Seader,      :
            Petitioner      :
            :
         v.      :      No. 1328 C.D. 2022
            :
Unemployment Compensation      :
Board of Review,      :
            Respondent      :

## **ORDER**

AND NOW, this 17th day of November, 2023, the August 3, 2022, adjudication of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita