Shay Unemployment Compensation Case.
Shay, Appellant, *v.* Unemployment Compensation Board of Review.
Unger, Appellant, *v.* Unemployment Compensation Board of Review.

288

Argued January 12, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jerome H. Gerber*, with him *Handler and Gerber*, for appellants.

*Sydney Reuben*, Assistant Attorney General, with him *Raymond Kleiman*, Deputy Attorney General, and *Edward Friedman*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 14, 1967:

The Superior Court affirmed the decision of the Unemployment Compensation Referee and the Unemployment Compensation Board of Review denying unemployment compensation to two claimants, Paul Shay and Lee Unger, stating that they had left their respec-

tive jobs without cause of a necessitous and compelling nature. We allowed allocatur.

The claimants were both employees of the Bethlehem Steel Company in Lebanon. Shay had been employed as a carpenter for 14 years and Unger as a bricklayer for 8 years. On December 31, 1964, Shay, who was then earning $3.055 per hour, was informed he would be laid off on account of lack of work. Unger, who was earning $3.25 per hour, was laid off on January 5, 1965. Both employees were advised they could work as laborers at $2.285 per hour. Under the terms of their Union's collective bargaining agreement, the men were permitted to take a layoff rather than accept the reduction in wages and change of duties.

They filed for unemployment compensation. The referee ruled against them, asserting that while the work offered would net less pay it was still a substantial wage and that, in any event, the transfer was only temporary.

Our review of the record compels the conclusion that the referee, as well as the Unemployment Compensation Board, and the majority of the Superior Court, failed to apply properly the governing terms of the Unemployment Compensation Law. Section 402 of the Act (Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. 751 et seq.), provides: "An employee shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, . . . to accept *suitable* work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act . . . (b)(1) In which his unemployment is due to *voluntarily* leaving work *without cause of a necessitous and compelling nature,* irrespective of whether or not such work is in 'employment' as defined in this act . . . in determining whether or not an employee has left his work voluntarily without cause of a

necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t) :". (Emphasis supplied)

It would appear that the referee, the board, and the majority of the Superior Court omitted from their consideration of the case the problem as to whether the work offered to the claimants was "suitable" in view of the employees' "prior training and experience." If the claimants, in view of their skill as craftsmen, could have found employment, to which their training and experience entitled them, with appropriate recompense, they should have been granted a reasonable opportunity to make that request. (*Fuller Unemployment Compensation Case,* 159 Pa. Superior Ct. 74). If they are forced to accept employment which is not "suitable", as defined in the Unemployment Compensation Law, a door is closed on them to locate and accept employment commensurate with their training, experience and prior earnings.

With the long work record that lay behind these two men, it could not be said that they were destitute of specialized skills which would reasonably assure them of locating work and pay in keeping with those skills. To compel them to work as laborers at a considerable reduction in pay would, under the circumstances of this case, violate the express provisions of the Act which declares that a claimant is barred from unemployment compensation only if he refuses "suitable" work and that, in determining suitability of work, prior training and experience are inevitable touchstones of deliberation.

Although the majority of the Superior Court filed no opinion, it would appear that its affirmance was founded on the assumed authority of *Pusa Unemployment Compensation Case,* 178 Pa. Superior Ct. 348,

since the Unemployment Compensation Board of Review rested its decision on that case. The facts in the *Pusa* case are sufficiently close to the ones at Bar to be interchangeable for the purpose of determining standard and doctrine. Pusa was a bricklayer earning $2.076 per hour. He was laid off because of lack of work and offered a laborer's job at $1.63½ per hour. He refused the work, noting that it was not suitable, in view of his skills, longevity and earnings. The Unemployment Compensation Board agreed with the claimant and awarded compensation. The Superior Court reversed, stating: "The suitability of the work was not involved and the Board's finding to that effect is not supported by substantial evidence. Claimant's reason for refusing the transfer by his employer to another type of work and voluntarily leaving his employment was stated by him as follows: 'It was too much difference in the rate of pay.' The Board concluded that claimant's voluntary leaving was based on good cause."

To say that suitability is not involved is to say that laying bricks is not involved in a bricklayer's job. Suitability is the very mortar which holds together the bricks of decision in the structure of unemployment compensation in a situation such as the one before us here. The crux of deliberation on whether compensation should be paid is whether the proffered work is suitable. All this is clear in words as clear as sunlight in §402(b) : ". . . Provided . . . that in determining whether or not an employee has left his work voluntarily without cause . . ., the department shall give consideration to the same factors, insofar as they are applicable, provided with respect to the determination of suitable work under section four (t) . . ." Section 4(t) says: " 'Suitable Work' means all work which the employee is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk in-

volved to his health, safety, and morals, his physical fitness, prior training and experience, and distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market, generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence."

These various and numerous criteria were apparently ignored by the Superior Court in the *Pusa* case, thus rendering the decision there rendered wholly inapplicable to other cases with similar facts, as those in the case at bar. *Pusa* is therefore, overruled as authority.

The records in the present cases are remanded to the Unemployment Compensation Board for such hearing as may be required to ascertain the conditions to which the criteria in §4(t) may be applied.

Vacated and remanded.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.