Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* Stanley Kozinsky, Appellant.

Argued March 6, 1975, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*Robert L. Keogh*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

Opinion by Judge Wilkinson, April 9, 1975:

The Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review ruled claimant-appellant ineligible for further benefits under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §802(a), which provides, in part:

> "An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment office or by any employer. . . ."

Claimant had been employed for many years in the field of "natural gas appliance conversion and maintenance" with his last level of compensation from $350.00 to $375.00 per week. The nature of his work had required extensive travel at home and abroad to Europe and Australia. Claimant's last day of employment was December 15, 1972. On June 10, 1973, he applied for unemployment compensation benefits which he collected for nineteen weeks.

On October 19, 1973, claimant was referred to a maintenance job with a local school district at a pay rate of $3.25 per hour. He reported for the interview on October 23, 1973, and was informed at that time that the job was basically janitorial maintenance work, and that it also entailed driving a school bus twice a day. Claimant was instructed to return home and think about the job.

On the day following the interview with the school district, October 24, 1973, claimant wrote, dated and signed a "Summary of Interview" form on which he stated the following:

"Reported for interview with T. E. School dist. Employment discussed. Not in line with life time scope of employment. During time of interview time to think over possibilities of this type of work was granted by interviewer.

"Driving of School Bus would absolutely be out of my consideration.

"Any work related to natural gas."

On October 26, the Bureau informed claimant that his benefits might be terminated for refusal of suitable employment. Claimant then returned to see the school district on October 29, and informed the interviewer that he didn't feel legally qualified to drive a school bus be-

cause he had accumulated seven or eight points against his operator's license.

The Bureau of Employment Security made its determination of ineligibility on November 2, 1973. A referee affirmed this determination. After a remand hearing before another referee, the Board of Review affirmed.

Claimant raises several arguments on appeal. He first claims that he never expressly refused an offer of employment. We disagree. We find the record replete with competent evidence to support the Board's finding of refusal, not the least of which was claimant's own statement: "Driving of school bus would absolutely be out of my consideration."

Claimant next contends that any refusal was for good cause and, therefore, he cannot be ruled ineligible under Section 402(a). This argument is based essentially on claimant's conclusion that he was not mentally capable of putting up with a bus full of school children, nor did he have any experience in driving anything bigger than a small truck. Claimant relies on the following from *Pusey Unemployment Compensation Case*, 159 Pa. Superior Ct. 571, 573, 49 A.2d 259, 260 (1946):

> "The claimant's 'physical fitness' is one of the tests of suitable employment, work is suitable only if the employe is capable of performing it, and the board is warranted in concluding that a claimant was justified by a good cause when in good faith he refuses work of a kind which actual experience in it has proven to be unsuitable for him. We again remind the unemployment compensation authorities that the indispensable ingredient of good cause is good faith."

Unfortunately for claimant, his case is not at all on point with *Pusey, supra*. In *Pusey,* the claimant had had prior actual experience proving a physical inability to do the work and there was medical evidence to the same effect. Here, there is neither. Furthermore, we find that claimant did not meet the good faith requirement of the

law. By claimant's own testimony, the school district offered to train him to drive a school bus. Claimant offered no indication of any physical disability to drive a bus, much less any medical evidence.

In addition, although claimant did not press the argument on appeal that the points against his operator's license made him incompetent to drive a school bus, we note that we have been unable to find any authority for a conclusion that the points present any legal disability to do so. Section 609 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §609 (Supp. 1974-1975), sets forth the requirements for obtaining certification to operate a school bus. We hold that at a minimum, in order to evidence good faith, claimant was required to attempt to meet those requirements. A claimant cannot decide for himself whether a position is "suitable" simply because the position offered is not to his liking. *U. S. Steel Corp. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1973).

Lastly, claimant argues that the job offered was not "suitable work" within the meaning of Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t), due to his previous experience and level of compensation. Aside from the title of his previous job, there is no evidence which would indicate what experience or skills claimant possessed. There was also no evidence to indicate whether his rate of pay was commensurate with his skills or whether instead it may have included a bonus or premium for the extensive travel which was required. It is not contested that the wage offered by the school district was the prevailing wage for similar work in the locality.

Claimant had been unemployed for over 10 months when he was referred to the job with the school district. In *Bethlehem Steel Corp. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 292, 294, 310 A.2d 697, 698 (1973), we discussed the length of time

during which a claimant might refuse a lower paying job and still remain eligible for benefits:

"Here, the claimant had been unemployed four and one-half months when the offer of the janitorial position was rejected. This is approaching the limit of what might be considered appropriate to refuse to leave a craft."

We find that under the circumstances of this case, the work offered claimant was suitable, that he refused the offer and that the refusal was without good cause.

Accordingly, we enter the following

### ORDER

Now, April 9, 1975, the decision of the Unemployment Compensation Board of Review, dated May 28, 1974, disqualifying Stanley Kozinsky from receiving unemployment compensation benefits, is affirmed.