Susanne M. Nieddu, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Susanne M. Nieddu,* petitioner, for herself.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 27, 1981:

This is an appeal by Susanne M. Nieddu (Claimant) from a decision of the Unemployment Compensation Board of Review (Board), dated September 21, 1979, that denied her unemployment compensation benefits under Section 402(a) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was last employed by N. Bereschak, Inc., Shenandoah, Pennsylvania, at a salary of $3.90 per hour. Her total salary for her last year of employment was $4,273.00. Claimant described her former employment as an assistant office manager, but she indicated on a form submitted to the Bureau (now Office) of Employment Security (Office) that her duties with Bereschak included bookkeeping, doing trial balances, and compiling accounts payable and daily sales records. Although she also listed "payroll" as one of her duties on that form, Claimant testified before the referee that she really did not do that kind of work, she was just familiar with it.

Claimant was referred by the Office to a job as payroll clerk at a nearby community at $3.00 per hour, a figure that was negotiable depending upon the applicant's experience. Claimant refused to pursue the referral claiming that the pay was inadequate, that she had no training as a payroll clerk, that the location would require additional traveling (about 10 miles round trip) and that the job offer was "beneath my

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a). Section 402 reads in pertinent part as follows:

An employee shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause . . . to apply for suitable work at such time and in such manner as the department may prescribe. . . .

43 P.S. §802.

dignity and would cause undue hardship on my career future and financial position.''

It is well settled that Claimant cannot decide for herself what is "suitable work" simply because a position may not be to her liking. *Unemployment Compensation Board of Review v. Kozinsky,* 18 Pa. Commonwealth Ct. 286, 335 A.2d 843 (1975). We agree with the Board's decision affirming the referee that the referral offered Claimant was suitable employment, and that her reasons for refusing it were inadequate. Since there is no dispute that Claimant refused the referral, the denial of benefits must be affirmed.

Claimant further argues that she was misled by the Office's unemployment compensation interviewer (Interviewer) because he failed to fully explain the job referral process. Claimant alleges that she feared she would lose her benefits if she refused any job offer and that the Interviewer misled her by not informing her that she had the right to refuse the job offer. At the hearing the Interviewer explained that since the Claimant adamantly refused to even go for the interview, there was no opportunity to discuss other options that were available to her. Claimant clearly had the right to ask further questions. Since the Interviewer *was unaware* of Claimant's misconception, he could hardly be said to have misled her by not correcting her inaccurate *thoughts.* Good faith requires at least the exploration into all possible job offers. Even if Claimant's fears had been realized, she would have been in no worse position than she was by her refusal to take the referral.

Claimant also alleges she was harassed by the Interviewer because he informed her that her benefits would probably be terminated if she refused the job referral. Claimant's argument is clearly without merit and furthermore is inconsistent with her argument above.

In her appeal to this Court, Claimant, proceeding pro se, requests: 1) that we enter a default judgment against the Board for failing to certify its record to this Court within 40 days, 2) that we grant her a jury trial, and 3) that we award her damages because of alleged defamation of character and embarrassment caused her by the proceedings in this case. No such remedies are available to the Claimant in this appeal to this Court.

Order affirmed.

ORDER

AND Now, this 27th day of August, 1981, Decision No. B-175936 of the Unemployment Compensation Board of Review dated September 21, 1979, affirming the decision of the referee is hereby affirmed.