438 A.2d 590

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellant,

v.

FRANKLIN & LINDSEY, INCORPORATED, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 27, 1981.

Decided Dec. 17, 1981.

Richard Wagner, Asst. Atty. Gen., William J. Kennedy, Harrisburg, for appellant.

Edwin B. Barnett, Philadelphia, for appellee.

Jerome H. Gerber and James L. Cowden, Harrisburg, for amicus Pa. AFL–CIO.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Claimant, Karen Jesiolowski, applied for unemployment compensation benefits in May, 1976. The Bureau of Employment Security denied the claim. After a hearing before a Referee, the denial of benefits was affirmed. The Unemployment Compensation Board of Review (Board), appellant herein, then reversed the decision of the Referee and granted claimant unemployment compensation. On appeal, the Commonwealth Court reversed the order of the Board and denied claimant benefits. *Franklin & Lindsey, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commw.Ct. 59, 396 A.2d 497 (1979). We granted allocatur and we now reverse.

The facts of this case, as found by the Board, are as follows: Claimant was employed as a draftsperson-surveyor by appellee, Franklin & Lindsey, Inc., in April, 1975, at which time she began working as a draftsperson. In August, 1975 claimant also began doing field survey work for appellee. Beginning in March, 1976, appellee also required claimant to do secretarial work in the office, despite her protests. Throughout this period, claimant was enrolled an an evening student at Drexel University, majoring in civil engineering.

On May 21, 1976 claimant was laid off by appellee due to lack of field work. At the time, her salary was $120 per week. On May 26, 1976 appellee offered to recall claimant to do "purely secretarial work" at the continuing rate of $120 per week. Claimant refused the proffered employment because she felt that a purely secretarial job was not in keeping with her training and experience, that her drafting skills would deteriorate if not used, and that the job lacked sufficient opportunities for advancement.

Claimant's prior work experience included part-time secretarial work for six months, full-time secretarial work for three months, and work as a draftsperson technician from September, 1974 through April, 1975.

Appellant's contention on this appeal is that appellee's offer of "purely secretarial work" did not constitute "suitable work" within the meaning of the Unemployment Compensation Law, and that the Commonwealth Court's holding to the contrary was error.

Section 402 of the Unemployment Compensation Law provides that

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him . . . by any employer . . . .

Act of December 5, 1974, P.L. 771, No. 262, § 7, as amended, 43 P.S. § 802.

"Suitable Work" means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, *prior training and experience*, and the distance of the available work from his residence. The department shall also consider among other factors *the length of time he has been unemployed* and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. . . .

Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, art. I, § 4, as amended, 43 P.S. § 753(t) (emphasis supplied).

█ The statutory definition of "suitable work" as "all work which the employe is capable of performing" is only the starting point of our inquiry. Although the claimant in this case may be capable of performing as a secretary, that fact is not dispositive of this appeal, since the statute goes on to enumerate those other factors which must be considered "in determining whether or not any work is suitable for an individual."

This Court has held that "in determining suitability of work, prior training and experience are inevitable touchstones of deliberation," and has recognized that a claimant must have a "reasonable opportunity" to find employment commensurate with his or her training and experience. *Shay v. Unemployment Compensation Board of Review*, 424 Pa. 287, 290, 227 A.2d 174, 176 (1967). In this case, the Commonwealth Court failed to give any consideration to either of these factors.

█ Claimant's most recent and most extensive training and experience were in civil engineering, particularly in the areas of drafting and surveying. According to the Board's findings of fact, claimant worked continuously for eighteen months as a draftsperson and/or surveyor, and for an addi-

tional three months as a draftsperson-surveyor with secretarial duties. In addition, claimant was enrolled as a civil engineering student at Drexel University.

In contrast, while the Board concluded that claimant had had some secretarial experience, it found that she had worked as a secretary for only three months full-time and six months part-time.[1]

Furthermore, claimant had little time to secure other employment commensurate with her training and experience as a draftsperson-surveyor, since appellee offered to recall her to do "purely secretarial work" only five days after her layoff.

The Unemployment Compensation Law "is remedial in nature and thus should be liberally and broadly construed. Statutory Construction Act of 1970, 1 Pa.C.S.A. § 1928(c) . . . ." *Gladieux Food Services, Inc. v. Unemployment Compensation Board of Review*, 479 Pa. 324, 330, 388 A.2d 678, 681 (1978). In keeping with this legislative mandate, we recognize that the Unemployment Compensation Law must allow for that advancement in the work force which occurs when an individual has achieved new skills by reason of ongoing training and experience. The law does not require that a woman, "once a secretary," remain "always a secretary" after she has acquired significant training and experience in another chosen profession.

Since appellee's offer to claimant of "purely secretarial work" wholly disregarded claimant's training and experience as a draftsperson-surveyor, and since claimant had no reasonable opportunity to obtain other employment in the areas of drafting and surveying, we conclude that appellee's offer to claimant was not an offer of "suitable work." Consequently, it was error for the Commonwealth Court to hold claimant ineligible for unemployment compensation based upon a failure to accept suitable work.

1. Although the Board made no finding as to when claimant had been employed as a secretary, claimant testified at the hearing in 1976 that she had worked as a secretary "three years ago."

The order of the Commonwealth Court is reversed and the order of the Board granting claimant unemployment compensation benefits is reinstated.

WILKINSON, J., did not participate in the consideration or decision of this case.

FLAHERTY, J., filed a dissenting opinion in which KAUFFMAN, J., joined.

FLAHERTY, Justice, dissenting.

I must dissent. Under the facts of this case, the claimant was clearly offered "suitable work", as that term is defined by the Act of December 5, 1936, Second Ex.Sess., P.L. (1937) No. 2897, art. 1, § 4 as amended, 43 P.S. § 753(t).

KAUFFMAN, J., joins this dissenting opinion.