Ellwood City Hospital, Petitioner *v.* Common-
wealth of Pennsylvania, Unemployment Compen-
sation Board of Review, Respondent.

Submitted on briefs February 2, 1983, to Judges
ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Ralph T. DeStefano*, with him *Richard R. Riese*,
*Thorp, Reed & Armstrong*, for petitioner.

*Charles Donahue*, Associate Counsel, with him
*Richard L. Cole, Jr.*, Chief Counsel, for respondent.

Opinion by Judge Rogers, March 23, 1983:

Robert J. Verone is an unemployment compensation claimant. The Office of Employment Security (OES) granted the claimant's application for benefits. On appeal a referee denied benefits concluding that the claimant while unemployed had failed without good cause to accept suitable work as required. Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a). The Unemployment Compensation Board of Review (Board) concluded that the work proffered was not suitable, reversed the referee's decision and granted compensation. We affirm the Board's order.

The claimant was last employed by Leeds and Northrup, Ellwood City, Pennsylvania for four months as an electronic technician at $5.25 per hour. He was laid off due to lack of parts and was told to call the employer on the following Friday to inquire if he might return to work the following week. On Friday, he was told that he was to be placed on layoff status for an indefinite period due to lack of orders.

A former employer, Ellwood City Hospital offered the claimant work as a project person (the duties of the position were not described) in the hospital's housekeeping department at $3.35 per hour.[1] The claimant refused the hospital's offer of work because he did not want to work evening hours, he was allergic to chemicals used in the hospital's housekeeping department, he wished to look further for employment as an electronics technician for which

---

[1] The hospital says that it offered the claimant $3.88 per hour, the wage he had enjoyed when last at the hospital. The record shows that the offer of $3.88 was not made to the claimant until the day of the referee's hearing.

position he had lately become qualified and because of the difference between the wage offered by the hospital, $3.35 an hour, and the wage he had received as an electronics technician for Leeds and Northrup, $5.25 an hour.[2]

Section 4 of the Unemployment Compensation Law, 43 P.S. §753(t) provides that:

> "Suitable work" means all work which the employee is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, *prior training and experience,* and the distance of the available work from his residence. The department shall also consider among other factors *the length of time he has been unemployed* and the reasons therefor, the prospect of obtaining local work in his customary occupation, *his previous earnings,* the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. . . . (Emphasis added.)

The Supreme Court of Pennsylvania "has held that 'in determining suitability of work, prior training and experience are inevitable touchstones of deliberation,' and has recognized that a claimant must have a 'reasonable opportunity' to find employment commensurate with his or her training and experience." *Unemployment Compensation Board of Re-*

---

[2] The claimant had been employed by the Ellwood City Hospital for about three years before going to Leeds and Northrup his final job assignment having been as a so-called housekeeper I.

*view v. Franklin and Lindsey, Inc.,* 497 Pa. 2, 5, 438 A.2d 590, 591 (1981) (quoting *Shay v. Unemployment Compensation Board of Review,* 424 Pa. 287, 290, 227 A.2d 174, 176 (1967)). Also, a conclusion as to the reasonableness of the refusal of an offer of new work may be formed by balancing the difference between the pay earned in a previous job against the lesser pay offered for the new work on the one hand against the duration of unemployment on the other, the weight of the former decreasing as the latter lengthens. *Conti v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 210, 213, 420 A.2d 778, 779 (1980); *Ship Inn, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 292, 296, 412 A.2d 913, 915 (1980); *Eichman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 21, 24, 409 A.2d 1389, 1390 (1980).

Here all of the intendments point to the reasonableness of the claimant's refusal of the hospital work. He had lately qualified for more skilled employment,[3] he was offered a return to the hospital's housekeeping department only a week after being laid off from Leeds and Northrup and he was offered wages about forty per cent less than he had just been receiving. We agree with the Board's conclusion that the claimant's refusal of the hospital's offer did

---

[3] The petitioner contends that the Board violated 34 Pa. Code §101.104(c) by considering evidence of the fact that the claimant had received an associate degree in applied science from a local educational institution because this evidence was not produced at the referee's hearing but learned by the Board from the claimant's petition for appeal from the referee's decision. The petitioner does not contend that the claimant had not, in fact, been so certified. Since there is sufficient evidence in the record that the claimant had in fact received formal electronics training, this circumstance is harmless.

not constitute a failure to accept suitable work without cause.

Order affirmed.

### ORDER

AND Now, this 23rd day of March, 1983, the order of the Unemployment Compensation Board of Review dated April 30, 1981 is affirmed.