621 A.2d 1152

**Herman A. RISING, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1992.

Decided Feb. 12, 1993.

482

Murray Milkman, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., LORD, Senior Judge.

LORD, Senior Judge.

Herman Rising appeals a Pennsylvania Unemployment Compensation Board of Review (Board) order affirming the referee's decision denying benefits pursuant to Section 402(a) of the Unemployment Compensation Law, 43 P.S. § 802(a).[1] We affirm the Board's order.

Petitioner Rising, by trade, is a heavy equipment operator. He was last employed in that field by Moosehead Wood Company during the period of July 1991 through September 28, 1991, earning an average rate of pay of twenty dollars per hour.

Prior to his employment at Moosehead Wood Company, Rising worked for Good Transport Ltd. (Good Transport) as an over-the-road truck driver from January 1991 to June 28,

1. Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

1991, earning mileage pay rates varying between 23 cents and 40 cents per mile. The Board found this rate of pay to be significantly less than the rate of pay as a heavy equipment operator.

Rising filed an application for unemployment benefits effective October 6, 1991. In December 1991, Mr. DaShiell, general manager of Good Transport, offered Rising employment as an over-the-road truck driver under the same terms and conditions of his previous employment. Rising did not accept the offer.

The Board found that Rising refused the offer of employment because he had been employed as a heavy equipment operator for approximately 28 years and because the rate of pay as a truck driver was significantly less than the rate of pay as a heavy equipment operator.

The Board found further that, at the time of Mr. DaShiell's offer, Rising had the possibility of other employment as a heavy equipment operator in Oregon, and had spoken with a former employer who informed him he might be hiring additional employees. However, the Board concluded that Rising had no firm offer of employment from either of these sources or otherwise when he was offered employment with Good Transport.

The Referee and the Board found Rising ineligible for benefits. Rising now appeals to this Court.

Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed; or whether the claimant's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Moore v. Unemployment Compensation Board of Review,* 134 Pa. Commonwealth Ct. 274, 578 A.2d 606 (1990).

Rising challenges the Board's legal determination that the Good Transport position was "suitable work," that Rising did not have good cause to reject such work, and that, therefore, Rising was properly denied unemployment benefits under Section 402(a) of the Law, which provides:

An employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer....

43 P.S. § 802(a).

 When determining whether a claimant is ineligible for benefits under section 402(a), the issues of suitability of work and of good cause must be looked at separately; they are distinct concepts. *Levan v. Unemployment Compensation Board of Review*, 91 Pa.Commonwealth Ct. 507, 498 A.2d 987 (1985). Suitability of work and good cause are questions of law, and are subject to the review of this Court. *Gettig Engineering v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 416, 473 A.2d 749 (1984). The claimant bears the burden of proof on both issues. *Levan.*

"Suitable work" is statutorily defined in Section 4(t) of the Law as:

all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, and the permanency of his residence....

43 P.S. § 753(t).

 An analysis of whether the truck driving position was legally "suitable work" for Rising mandates a review of the relevant criteria set out in this definition. *Shay v. Unemployment Compensation Board of Review*, 424 Pa. 287, 227 A.2d 174 (1967).

There is no question that Rising, as the above definition requires, was capable of performing the work at Good Transport. He had worked there as a truck driver for six months and was offered re-employment. Indeed, Rising does not dispute the fact that he is capable of performing the work of an over-the-road truck driver.

Rising argues in his brief that the labor market for his customary heavy equipment operator trade is seasonal in nature, producing unemployment during yearly slack seasons. Slack seasons by definition, and as Rising argues from his own experience, provide very little opportunity for employment. The slack season argument, therefore, suggests that Rising refused Mr. DaShiell's offer at a time when employment as a heavy equipment operator was unlikely.

Considering the length of unemployment factor next, we note that the Pennsylvania Supreme Court has stressed the need for "reasonable opportunity to obtain other employment in the areas" of one's customary trade or occupation. *Unemployment Compensation Board of Review v. Franklin & Lindsey, Inc.*, 497 Pa. 2, 6, 438 A.2d 590, 592 (1981). In that case, the granting of benefits was upheld for a draftsperson who refused her employer's offer to recall her as a secretary after only five days. The rationale behind this decision and others dealing with Section 4(t) is that a claimant should be afforded at least some time to find a job in his occupational field before he must accept a job of lesser pay or skill. Rising, however, had been unemployed for more than two months when he turned down Mr. DaShiell's firm offer of employment, and slack season had begun. *Franklin & Lindsey* and other authority instruct us to undergo a balancing test, whereby, as the length of the unemployment increases, a claimant's insistence on higher pay and traditional skill level must decrease.[2] While five days may not be a reasonable allowance of time to find a job commensurate with one's occupation, we cannot say that a period exceeding two months is an unreasonable allowance of time.

**2.** *See, e.g., Ellwood City Hospital v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 78, 457 A.2d 231 (1983).

■ Turning to the previous earnings criterion, it is true that the Board found Rising's compensation from his traditional trade to be higher than that which he earned as a truck driver at Good Transport. Still, previous earnings is only one of many factors to be considered, and one which here is counterbalanced by the aforementioned length of unemployment factor.[3]

Clearly, Rising's customary occupation was, and had been for 28 years, that of a heavy equipment operator. This does not mean, however, that truck driving is not suitable work for him. He was capable of performing this work, as he had done before, during a time when, as his own brief admits, he normally would be hard-pressed to find work in his regular occupation. There is no indication that the truck driving position was different from that of heavy equipment operator in terms of location of worksite, stature, safety, or skill. The only real difference Rising points to is the difference of pay, which, by itself, is simply not determinative. Considering all of the relevant factors, the Board correctly found that reemployment as a truck driver was suitable work for him.

■■ Having concluded that the work refused by Rising was suitable work, we now turn to the question of whether Rising nevertheless had good cause to refuse the suitable work. To constitute good cause, real and substantial reasons must be offered. *Barillaro v. Unemployment Compensation Board of Review*, 36 Pa.Commonwealth Ct. 325, 387 A.2d 1324 (1978). Rising cites two potential job offers in his customary trade as his reason for declining Mr. DaShiell's firm offer. However, it has long been held that a claimant must be at all

3. Even substantial disparity between a claimant's previous wages and the remuneration of the proffered position does not itself render work unsuitable. *Eichman v. Unemployment Compensation Board of Review*, 49 Pa.Commonwealth Ct. 21, 409 A.2d 1389 (1980). In *Eichman*, the Court affirmed a denial of benefits to a claimant who after a year of unemployment had been offered a wage which was 55% less than her previous earnings and in fact was lower than her unemployment benefit rate. In *Unemployment Compensation Board of Review v. Kozinsky*, 18 Pa.Commonwealth Ct. 286, 335 A.2d 843 (1975), work was found suitable after ten months of unemployment despite a 63% decrease in wages.

times ready and willing to accept suitable employment, and this requirement cannot be excused by the expectation of possible recall to former employment or by the possibility of another offer. *Trella v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 305, 309 A.2d 742 (1973). Rising could have taken the position at Good Transport until one of his potential offers was realized. We see nothing that constitutes good cause for his refusal of re-employment with Good Transport.

Rising expresses concern that he is being forced into changing occupations, or that he must choose a lower paying job over a higher paying job. Neither the Board nor this court suggests those results. We merely hold that, under the circumstances, lacking definitive job offers in the midst of a slack season, and having been offered a lower paying job where he had worked previously and could work again at least temporarily, Rising cannot reject such an offer and still expect to receive unemployment benefits. We perceive no legal error in the Board's conclusion that Rising's refusal of the truck driver position was a failure to accept suitable work without good cause.

Accordingly, the Board's order is affirmed.

## ORDER

AND NOW, this 12th day of February, 1993, the order of the Unemployment Compensation Board of Review, No. B–300617, dated July 13, 1992, is hereby affirmed.