**COMMONWEALTH of Pennsylvania, Department of Education, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 2005.

Decided Jan. 27, 2006.

---

Frank A. Fisher, Chief Counsel, Harrisburg, for petitioner.

Paul R. Jordan, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

Before: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Commonwealth of Pennsylvania, Department of Education, (Employer) petitions for review of the June 23, 2005, order of the Unemployment Compensation Board of Review (UCBR), which affirmed and adopted a referee's decision granting benefits to Carol A. Lucas (Claimant). We affirm.

Claimant began working for Employer as a clerk-typist II on July 24, 2004, in the Office of Chief Counsel. On January 14, 2005, a few days before completing her six-month probationary period, Claimant was discharged due to unsatisfactory work performance. The Office of Employment Security (OES) determined that Claimant was not ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[1] On February 22, 2005, Employer filed a timely appeal from the OES' determination, asserting that Claimant's poor performance indicated a conscious disregard for Employer's interests. Alternatively, Employer asserted that Claimant was ineligible for benefits because she had refused Employer's offer of further employment. (R.R. at 27a–28a.)

At the March 22, 2005, referee's hearing, Employer withdrew its allegations of willful misconduct and conceded that Claimant had tried her best to perform her assignments. However, Employer asserted that Claimant should be denied benefits pursuant to section 402(a) of the Law, 43 P.S. § 802(a), based on her refusal to accept Employer's offer of suitable employment following her termination. The referee indicated that Claimant had not received notice that the issue of refusing suitable work would be raised at the hearing, but

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) of the Law provides that a claimant is ineligible for benefits for any week in which her unemployment is due to willful misconduct connected with her work.

Claimant agreed to proceed on that issue. (R.R. at 44a–45a.)

Francis Handley is the employment coordinator for the temporary clerical pool, which is part of the Commonwealth of Pennsylvania Office of Administration and provides clerical staff to state agencies in Dauphin County. Handley testified that Claimant had been employed through the temporary clerical pool as a clerk-typist from January 26, 2004, to July 23, 2004. According to Handley, Claimant received very good evaluations for two different assignments that she performed during that period. Handley stated that Claimant transferred to the new position with Employer after taking and passing a civil service clerk-typist II test; Handley indicated that passing the test entitled Claimant to permanent positions.

Handley testified that when clerical pool employees advance to permanent positions, they have the right to return to the clerical pool if they fail their probationary period. Handley stated that, on January 28, 2005, she offered Claimant an assignment with the Department of Transportation as a limited term clerk-typist, a position similar to Claimant's previous work in the temporary clerical pool. Handley testified that the clerk-typist position paid $8.57 per hour, with no benefits. She also stated that, although the offered job was only for a six-month period, clerk-typists typically move from assignment to assignment with no layoffs in between. Finally, Handley acknowledged that she had not informed OES that Employer had offered work to Claimant. (R.R. at 50a–56a.)

Claimant testified that she contacted the temporary clerical pool a day or two after she was terminated. She stated that, on or about January 28, 2005, she was offered a temporary clerk-typist position with the Department of Transportation. Claimant testified that, on that same day, she re-ceived her civil service test scores and notice that she had been reinstated on the list for permanent placement as a clerk-typist II. Claimant stated that, at the time she was offered the clerk-typist II position with Employer, in July 2004, she also had received several other permanent job offers and numerous telephone calls for interviews. Claimant testified that she expected a similar number of permanent positions would become available and, therefore, she turned down the offer for the temporary assignment. Claimant explained that the rate of pay for the permanent clerk-typist II position was $11.62 per hour and included benefits, sick days, personal days and holiday pay.

The referee found that, as a permanent state employee, Claimant would be paid at the rate of $11.62 per hour and would be eligible for health benefits, retirement benefits and earned leave, and, as a member of the temporary clerical pool, Claimant would be paid at the rate of $8.57 per hour, receive no benefits and earn no leave. The referee also found that Claimant declined Employer's offer of work through the temporary clerical pool because she had been assured that she would be receiving offers of permanent work.

The referee determined that benefits could not be denied to Claimant under section 402(a) of the Law, reasoning that: (1) Claimant had been unemployed for two weeks on January 28, 2005, at the time of Employer's offer; (2) the rate of pay offered was substantially less than Claimant received in her permanent position; (3) Claimant was again eligible for interviews with other state agencies for a permanent position; and (4) the Office of Administration did not advise OES of the offer of work. Accordingly, the referee affirmed and modified OES' decision, holding that Claimant was not ineligible for benefits

under sections 402(a) and 402(e) of the Law.

Employer appealed to the UCBR, which affirmed and adopted the referee's decision. The UCBR stated that Claimant had good cause for refusing Employer's offer of work because she was only recently unemployed and had favorable prospects of obtaining new employment. The UCBR further concluded that the offer was not for suitable work due to the 26% decrease in pay and the loss of benefits.

■ On appeal to this court,[2] Employer argues that the UCBR erred in determining that Claimant was eligible for benefits under section 402(a) of the Law. Employer asserts that its offer was for suitable employment and that Claimant did not have good cause for refusing the offer of work.

■ In pertinent part, section 402(a) of the Law provides:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause ... to accept suitable work when offered to him by the employment officer or by any employer ... Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof....

43 P.S. § 802(a). Suitability of work and good cause are questions of law subject to this court's review. *Rising v. Unemployment Compensation Board of Review,* 153 Pa.Cmwlth. 481, 621 A.2d 1152 (1993).

"Suitable work" is defined by section 4(t) of the Law as follows:

"Suitable Work" means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence....

43 P.S. § 753(t).

Employer argues that previous earnings is only one factor to be considered and asserts that the UCBR erred in emphasizing the reduction in pay and benefits associated with the offered work. Employer notes that this court has held that even a substantial disparity in wages will not render a job unsuitable, citing *Eichman v. Unemployment Compensation Board of Review,* 49 Pa.Cmwlth. 21, 409 A.2d 1389 (1980), and *Unemployment Compensation Board of Review v. Kozinsky,* 18 Pa. Cmwlth. 286, 335 A.2d 843 (1975). In *Eichman,* we affirmed the denial of benefits to a claimant who, after a year of unemployment, had been offered a job at 55% less pay than her previous earnings. In *Kozinsky,* we found a work offer representing a 63% decrease in wages to be suitable where the claimant had been unemployed for ten months.

**2.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

According to Employer, Claimant here was out of work for two months and the disparity in wages was only 26%. Noting also that the work offered was in Claimant's customary occupation, Employer maintains that the UCBR erred in finding that the work was not suitable.

In analyzing a claimant's eligibility for benefits under section 402(a), our courts have developed a balancing test, considering the reduction in pay on one hand against the duration of unemployment on the other, with the weight of the former decreasing as the latter increases. *Ellwood City Hospital v. Unemployment Compensation Board of Review*, 73 Pa. Cmwlth. 78, 457 A.2d 231 (1983). In *Donnelly v. Unemployment Compensation Board of Review*, 17 Pa.Cmwlth. 39, 330 A.2d 544 (1975), we stated that, "the most important factor in this type of case is the length of time that the claimant has been unemployed." *Id.* at 547. Thus, in *Ellwood City Hospital,* we held that the claimant was eligible for benefits under section 402(a) where he was offered a lower paying job only a week after being laid off, but in *Donnelly,* we held that the claimant was ineligible for benefits where he had refused work paying approximately 22% less than his previous job after a three and a half month period of unemployment. And in *Rising,* we held that work as a truck driver at a significant reduction in pay was suitable work for a claimant/heavy equipment operator who had been unemployed for two months.

Turning to the facts of this case, we first note that Claimant was not unemployed for two months when Employer offered her the clerk-typist position;[3] rather, Claimant had been unemployed for only *two weeks.* Thus, Claimant's period of unemployment was closer in duration to the one-week period at issue in *Ellwood City Hospital* than the two-month and longer periods at issue in *Rising, Donnelly, Kozinsky* and *Eichman.*

Our supreme court has repeatedly recognized that a claimant is entitled to a "reasonable opportunity" to find employment commensurate with her training and experience. *Unemployment Compensation Board of Review v. Franklin & Lindsey, Inc.,* 497 Pa. 2, 438 A.2d 590 (1981); *Shay v. Unemployment Compensation Board of Review,* 424 Pa. 287, 227 A.2d 174 (1967). For example, in *Franklin & Lindsey,* the claimant was granted benefits even though her former employer offered her a secretarial position with no reduction in pay. The claimant in that case had been unemployed from her job as a draftsperson-surveyor for only five days; she refused the proffered employment because she felt that the secretarial job offered was not in keeping with her training and experience as a draftsperson, that her drafting skills would deteriorate if not used and that the job lacked sufficient opportunities for advancement.

The court in *Franklin & Lindsey* first observed that the claimant had little time to secure employment commensurate with her training and experience, since the employer's offer came only five days after the layoff. The court next noted that the Law is remedial in nature and thus should be liberally and broadly construed. The court then stated that, "In keeping with this legislative mandate, we recognize that the Unemployment Compensation Law must allow for that advancement in the work force which occurs when an individual has achieved new skills by reason of

---

**3.** *Employer measures the length of Claimant's unemployment to the date of the referee's* hearing, rather than the job offer.

ongoing training and experience." *Id.* at 6, 438 A.2d at 592.

Here, Claimant passed the civil service test for a clerk-typist II position, a higher-skilled position offering higher pay, benefits and paid leave, had six months training and experience at this position and got her name reinstated on the list of persons eligible for that work.

Applying the balancing test set forth above, we conclude that the difference in wages and benefits outweighs the short duration of Claimant's unemployment and, therefore, the offer was not for suitable work. Given that Claimant was unemployed for only two weeks when Employer offered her the temporary clerk-typist position, this case is more akin to *Franklin & Lindsey* and *Ellwood City Hospital* than to the cases upon which Employer relies. In addition, like the claimant in *Franklin & Lindsey,* Claimant had become qualified

for a higher-skilled position and was entitled to a reasonable opportunity to find work commensurate with her training and qualifications.

We agree with the UCBR's conclusion that Claimant's refusal of the clerk-typist position did not constitute a failure to accept suitable work under section 402(a) of the Law. Accordingly, we affirm.[4]

## ORDER

AND NOW, this 27th day of January, 2006, the order of the Unemployment Compensation Board of Review, dated June 23, 2005, is hereby affirmed.

---

4. Moreover, Employer has neither challenged nor addressed the UCBR's finding that Employer failed to inform OES of the job offer as required by section 402(a). Having failed to raise the issue of whether its non-compliance precludes a denial of benefits in its petition for review or in its brief, Employer has waived this issue on appeal. *Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991).