**BIG MOUNTAIN IMAGING, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 23, 2012.
Decided April 30, 2012.

Leslie M. Gerstein, Philadelphia, for petitioner.

Teresa Heacock DeLeo, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

Big Mountain Imaging (Employer) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision, and determined Todd J. Eisenhardt (Claimant) was eligible for ongoing benefits under Section 402(a) (refusal of suitable work) of the Unemployment

Compensation Law (Law).[1] Specifically, Employer challenges the Board's determination that Claimant remained eligible for benefits after rejecting offered work on the ground that Employer conditioned the offer on Claimant withdrawing his underlying claim for unemployment benefits. Employer further asserts the offered position was suitable, and that Claimant lacked good cause to reject it. Upon review, we affirm.

Claimant worked for Employer for approximately five years. Reproduced Record (R.R.) at 7a.[2] In February 2011, Claimant struck one of Employer's machines in frustration causing significant damage. *Id.* As a result, Employer suspended Claimant for the rest of that week. *Id.*

Instead of returning to work the following Monday, Claimant accompanied his girlfriend to an unexpected doctor's appointment, and informed Employer he would be absent for personal reasons. *Id.* Unsatisfied, Employer instructed Claimant to report to work. *Id.* Claimant violated Employer's directive, and Employer terminated Claimant's employment. Thereafter, Claimant applied for benefits, which were initially denied. Claimant appealed, and a hearing was scheduled.

Prior to the referee's hearing, Employer offered to rehire Claimant to his pre-termination position at the same rate of pay. As conditions of this job offer, Employer required Claimant pass a drug test, and withdraw his unemployment compensation claim to, in effect, reimburse Employer for the damage he caused to its machine. Claimant requested time to consider the

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1936) 2897, *as amended*, 43 P.S. § 802(a).

2. In April 2011, a referee considered Claimant's initial petition for benefits, and made the relevant findings with regard to Claimant's termination of employment with Employer. The merits of that referee's decision are not at issue here.

offer, which Employer granted, and the hearing ensued. After the hearing, the referee determined Claimant had good cause for his absence, and was entitled to benefits.

Subsequently, Claimant declined Employer's pending job offer. In response, Employer initiated proceedings, which ultimately gave rise to this appeal, to terminate Claimant's benefits pursuant to Section 402(a) of the Law. Thereafter, a second hearing ensued before a referee.

At the second hearing, Employer presented the testimony of one witness, and Claimant, representing himself, testified on his own behalf. After the hearing, the referee determined Employer's offer to reinstate Claimant to his pre-termination job was an offer of suitable work. As to the conditions of the offer, the referee concluded they were open for negotiation, and thus, their imposition did not justify Claimant's refusal. Therefore, the referee determined Claimant was not eligible for ongoing benefits. Claimant appealed.

The Board made the following findings:

1. For the purposes of this decision, [C]laimant was previously separated from [E]mployer due to reasons which are not at issue in this current appeal.

2. [E]mployer offered [C]laimant his prior position with the same salary.

3. [E]mployer required [C]laimant to submit to a drug test.

4. [E]mployer also informed [C]laimant that he needed to withdraw his unemployment compensation appeal due to the $1600.00 damage [C]laimant did to a machine.

5. [C]laimant later decided that he did not want to return to [E]mployer due to debt that had been incurred since [C]laimant's separation from [E]mployer but only informed [E]mployer that he did not wish to return because he had decided to go back to school.

6. [C]laimant is not in school and is able and available.

Bd. Op., 10/17/11, Finding of Fact (F.F.) Nos. 1–6.

Ultimately, the Board determined Employer did not offer Claimant suitable work because Employer's offer was impermissibly contingent on Claimant withdrawing his appeal for unemployment benefits. Consequently, Claimant's rejection of such work did not disqualify him from receiving continued benefits. Thus, the Board reversed the referee's decision. Employer petitions for review.

On appeal,[3] Employer's primary contention is that the record does not support Board Opinion, Finding of Fact No. 4. Rather, Employer argues the job offer's condition, that Claimant forfeit his unemployment benefits, was open for negotiation and was not a "take it or leave it offer."

■ In an unemployment compensation appeal, the Board's factual findings are conclusive on appeal so long as the record taken as a whole contains substantial evidence to support those findings. *Grieb v. Unemployment Comp. Bd. of Review,* 573 Pa. 594, 827 A.2d 422 (2003). In determining whether substantial evidence exists, we view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of

---

**3.** Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Oliver v. Unemployment Comp. Bd. of Review,* 5 A.3d 432 (Pa.Cmwlth.2010) (*en banc*). Whether offered work is suitable or a claimant has good cause to reject suitable work are questions for law for this Court's review. *Rising v. Unemployment Comp. Bd. of Review,* 153 Pa.Cmwlth. 481, 621 A.2d 1152 (1993).

all reasonable inferences that can be drawn from the evidence. *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 168 Pa.Cmwlth. 292, 650 A.2d 1106 (1994).

■ Here, substantial evidence supports the Board's finding that Employer offered Claimant his pre-termination job with the condition that he withdraw his unemployment compensation claim. Specifically, before the referee, both Employer's witness and Claimant testified to Employer's imposition of such a condition. R.R. at 35a, 38a–39a. Furthermore, Employer's argument, that this condition was part of a negotiation rather than a "take it or leave it offer," was, from a factual standpoint, rejected by the Board.

Moreover, Employer's contention lacks merit for legal reasons. Contrary to Employer's argument, preliminary negotiations are not offers of suitable work under Section 402(a) of the Law. *See Reed v. Pitts. Bd. of Pub. Educ.*, 862 A.2d 131 (Pa.Cmwlth.2004) (citing RESTATEMENT (SECOND) OF CONTRACTS § 26 (1979)) (preliminary negotiations lack an intent to conclude a bargain); *McKeesport Hosp. v. Unemployment Comp. Bd. of Review*, 152 Pa.Cmwlth. 28, 619 A.2d 813 (1992) (citing RESTATEMENT (SECOND) OF CONTRACTS § 24 (1981)). Thus, to the extent Employer contends its proposal was a negotiation, its argument is legally inconsistent with the underlying assertion that it offered Claimant suitable work. Furthermore, although Employer may have been receptive to a counter-offer, had Claimant made such a counter-offer, it would constitute a rejection, and thus, a refusal to accept offered work. *See First Home Sav. Bank, FSB v. Nernberg*, 436 Pa.Super. 377, 648 A.2d 9 (1994) (citing RESTATEMENT (SECOND) OF CONTRACTS § 39 (1981)). Therefore, Employer's argument is meritless on factual and legal grounds.

■ Employer next asserts the Board erred in determining it did not offer Claimant suitable work, and that Claimant lacked good cause to reject its offer.

■ Section 402(a) of the Law provides: "[a]n employe shall be ineligible for compensation for any week—(a) [i]n which his unemployment is due to failure, without good cause ... to accept suitable work when offered to him ... by any employer. . . ." 43 P.S. § 802(a). Whether offered work is suitable, and whether a claimant has good cause for rejecting an offer are two distinct concepts under Section 402(a) of the Law. *Dep't of Educ. v. Unemployment Comp. Bd. of Review*, 890 A.2d 1232 (Pa.Cmwlth.2006).

■ Section 4(t) of the Law defines "suitable work" as "all work which the employee is capable of performing. . . ." 43 P.S. § 753(t). Here, Employer offered Claimant his pre-termination job at the same rate of pay. F.F. No. 2. Clearly, Employer offered Claimant suitable work. *See Rising v. Unemployment Comp. Bd. of Review*, 153 Pa.Cmwlth. 481, 621 A.2d 1152 (1993). Therefore, we turn to the closely related issue of whether Claimant had good cause to refuse the offer.

■ Good cause exists where a claimant maintains a real and substantial reason for refusing suitable work. *Levan v. Unemployment Comp. Bd. of Review*, 91 Pa. Cmwlth. 507, 498 A.2d 987 (1985). Here, Claimant rejected Employer's offer because it required him to forfeit his right to collect unemployment benefits. *See* F.F. No. 5–6. As an offer of employment may not be contingent on an employee waiving his right to collect unemployment benefits, Claimant had good cause to reject Employer's offer. Section 701 of the Law, 43 P.S. § 861 (no agreement by employee to release rights under this act shall be valid); *see Lee v. Unemployment Comp. Bd.*

*of Review,* 33 A.3d 717 (Pa.Cmwlth.2011) (an employer cannot accept a settlement of an unemployment compensation claim); *Pitt. Chem. & Sanitary Supply Co., Inc. v. Unemployment Comp. Bd. of Review,* 9 A.3d 274 (Pa.Cmwlth.2010). Thus, as Claimant did not refuse an offer of suitable work without good cause, the Board did not err in determining he is entitled to ongoing benefits.

Furthermore, the facts of this appeal further illustrates the potential abuse the General Assembly sought to alleviate by prohibiting employees from contractually waiving their right to collect unemployment benefits. *See Gianfelice Unemployment Comp. Case,* 396 Pa. 545, 153 A.2d 906 (1959); *Williams v. Unemployment Comp. Bd. of Review,* 193 Pa.Super. 320, 164 A.2d 42 (1960). Specifically, Claimant testified that as a result of his termination, he was behind on his bills, and would likely lose his apartment if he did not soon receive benefits. R.R. at 37a. As such, Employer's offer placed Claimant in the untenable position that he either: forfeit over two months of benefits and accept the job offer; or, accept the needed benefits and reject suitable work. Clearly, faced with the type of dilemma the General Assembly intended to avoid, Claimant had a real and substantial reason to reject Employer's job offer.

Accordingly, we affirm.

### ORDER

**AND NOW,** this 30th day of April 2012, the order of the Unemployment Compensation Board of Review is **AFFIRMED.**