**William J. McLEAN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1996.

Decided Dec. 20, 1996.

Wiley P. Parker, Lebanon, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Paul J. Drucker, Philadelphia, for intervenor, Maintenance Management Corporation.

Before COLINS, President Judge,
PELLEGRINI, J., and LORD, Senior
Judge.

COLINS, President Judge.

William McLean (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which, pursuant to Section 802(e) of the Unemployment Compensation Law (Law),[1] reversed a referee's decision granting Claimant benefits.

Claimant was last employed as a bio-medical technician by the Maintenance Management Corporation (Employer). On February 14, 1996, Employer discharged claimant for falsifying his expense account. The record indicates that claimant explained to employer that he did not actually obtain receipts from the places where he dined, and therefore requested, and subsequently submitted to employer, hotel receipts in amounts equal to what was actually spent. Claimant also testified that he was aware of employer's policy to have actual receipts for meals.

■ Initially, the Job Center issued a determination denying Claimant benefits. Claimant appealed, and after a hearing at which Claimant was represented by counsel and Employer had a representative, the referee reversed the Job Center's determination and granted Claimant benefits. Employer appealed the referee's decision to the Board which, by decision and order dated July 1, 1996, reversed the referee's decision and denied Claimant benefits. Claimant now brings the present appeal. Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether the claimant's constitutional rights have been violated. *Rising v. Unemployment Compensation Board of Review*, 153 Pa.Cmwlth. 481, 621 A.2d 1152 (1993).

Claimant challenges the Board's scope of review, contending the Board was without authority to make credibility determinations. This challenge lacks merit. Section 504 of the Law, 43 Pa.C.S. § 824, expressly provides that the Board may reverse the determination of a referee without taking any new evidence. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985), acknowledges the Board's power to make findings of fact, so long as the Board is subject to judicial review on the substantial evidence test and explains its decision in sufficient detail to permit meaningful appellate review. *See also Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982).

■ Though it is not well-developed, claimant's second issue questions whether there was substantial evidence to support the Board's findings. Claimant admits he falsified his expense account and that he knew of employer's policy requiring expense receipts. Thus, there is substantial evidence to support

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides, in pertinent part:
   An employe shall be ineligible for compensation for any week—

   (e) In which his unemployment is due to his ... temporary suspension from work for willful misconduct connected with his work....

the finding of the Board.[2] *See Rossi v. Unemployment Compensation Board of Review,* 544 Pa. 261, 676 A.2d 194 (1996).

Accordingly, we affirm the Board's order reversing the referee's decision and denying Claimant benefits.

### ORDER

AND NOW, this 20th day of December, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

2. Employer Maintenance Management Corporation (MMC) intervened in this case and filed a brief requesting counsel fees on the basis that the appeal contains defamatory and·unfounded accusations of unlawful conduct. MMC also asserts the appeal is frivolous. This Court is without jurisdiction to determine whether defamatory or unfounded accusations are contained within the brief. We concluded in the opinion that the appeal was meritless but not frivolous. Therefore, MMC's request for counsel fees is denied.